(No. 30841.—

EARL F. HALL, Appellant, *vs.* THE PEOPLE OF THE STATE OF ILLINOIS, Appellee.

*Opinion filed January 19, 1949—Rehearing denied March 16, 1949.*

EARL F. HALL, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, (IVAN J. HUTCHENS, State's Attorney, of Decatur, of counsel,) for the People.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

March 20, 1947, appellant, Earl F. Hall, was sentenced to the penitentiary upon conviction of a felony in the circuit court of Macon County. No writ of error has been prosecuted from that judgment. January 9, 1948, plaintiff in error filed a motion in the nature of a writ of error *coram nobis* asking that the judgment of conviction against him be vacated and set aside. A motion to dismiss or strike his motion was filed by the People January 12, 1948, and three days later appellant moved to strike the motion of the People. January 16, 1948, these motions were heard and the court entered an order allowing the motion of the People to strike the motion of appellant in the nature of a writ of error *coram nobis* and denied the writ. The court ordered that appellant take nothing by his suit and that the People go hence without day.

No further action was taken in the cause until July 14, 1948, when appellant made a motion for leave to file an amendment to his original motion in the nature of a writ of error *coram nobis.* This was opposed by the People and the court overruled the motion, denied said leave and ordered the clerk to return the amendment to appellant.

A writ of error has been sued out of this court, properly treated as an appeal, to reverse the lower court in striking the original motion in the nature of a writ of error

*coram nobis* and in refusing to allow appellant to file an amendment to said original motion. The grounds urged for vacating the judgment are that a witness for the People, a stenographer for the State's Attorney, testified falsely that she took shorthand notes of certain admissions or confessions of appellant's co-defendant, Ruth Hall, while in fact her testimony was based upon information dictated to her by the State's Attorney. Two affidavits in support of the motion were attached to it, the pertinent parts of which stated in substance that affiants, Ollie Hall, mother of appellant, and her friend, Elmer Kuns, were requested to attend the trial as witnesses for appellant; that they, with all other witnesses were required to remain in a waiting room until called upon to testify; that while they were so waiting the State's Attorney and his assistant were in the room talking to a State witness, the stenographer employed in the State's Attorney's office; that they heard this stenographer ask the State's Attorney where she was supposed to have been when she took down notes in shorthand of the statement made by Mrs. Hall (said codefendant and wife of appellant;) that they heard the State's Attorney tell this stenographer that she was supposed to have been in the city police station when she took down Mrs. Hall's statement, and that they also heard the State's Attorney tell this witness "That is right;" that the information of the above conversation between the State's Attorney and his stenographer was conveyed to appellant and his attorney, and the attorney expressed his appreciation for the information and stated that Ollie Hall and Elmer Kuns would be called upon to testify as to what they had heard, but that they were not called upon to so testify.

Appellant assumes that what passed between the State's Attorney and his stenographer as above indicated shows that any testimony given by her to the effect that she took down a statement of Mrs. Ruth Hall would be untrue, that she had in fact taken no statement and that any testi-

mony given by her to the effect that she had taken a statement would amount to perjury. He also takes the position that the fact that his mother and Kuns were not called as witnesses clearly indicated that his counsel was incompetent, indifferent or purposely handled his defense in a manner calculated to procure his conviction.

The purpose of a writ of error *coram nobis* at common law, and of the motion substituted for it by section 72 of the Civil Practice Act, is to bring before the court rendering the judgment matters of fact not appearing of record, which, if known at the time the judgment was rendered, would have prevented its rendition, (*Linehan* v. *Travelers Ins. Co.* 370 Ill. 157; *Chapman* v. *North American Life Ins. Co.* 292 Ill. 179,) such as disability or death of a party, infancy, coverture, insanity, failure of clerk to file a plea or answer, or the omission to interpose, through fraud, duress or excusable mistake, a valid defense existing in the facts of the case, (*Jacobson* v. *Ashkinaze,* 337 Ill. 141; *Marabia* v. *Mary Thompson Hospital,* 309 Ill. 147,) but it does not lie to correct false testimony. *People* v. *Drysch,* 311 Ill. 342; *People* v. *Touhy,* 397 Ill. 19; *People* v. *Gleitsman,* 396 Ill. 499.

Generally, incompetence and actions of a defendant's lawyer may be raised upon writ of error to reverse the judgment of conviction, but such matters are not proper for consideration in a proceeding of this kind. *People* v. *Gleitsman,* 396 Ill. 499.

The motion of appellant contained no point upon which the writ of error *coram nobis* could properly be based and his motion was rightfully overruled and the writ denied.

As above indicated, appellant sought to amend his original motion approximately six months after it had been stricken and the writ denied. Judgment entered upon a motion in the nature of a writ of error *coram nobis* is final, and either party is entitled to a review of the judgment of the court entered on such motion. (*People* v. *Touhy,* 397

Ill. 19; *People ex rel. Courtney* v. *Green,* 355 Ill. 468.) Our statute provides for amendments to motions or pleadings at any time before final judgment or after judgment to conform the pleadings to the proofs. Ill. Rev. Stat. 1947, chap. 110, par. 170, sec. 46(1), (3).

Prior to January 1, 1934, the court had no power to set aside its judgment or make any substantial amendment thereto after the term at which the final judgment or order was entered had expired. (*Wilson* v. *Fisher,* 369 Ill. 538.) By act effective January 1, 1934, the rule was changed by limiting the power of the court to make amendments to a final order or judgment to a period of thirty days following the entering of such final order. Ill. Rev. Stat. 1947, chap. 77, pars. 82 and 83.

The court did not err in denying leave to make the amendment. The requested amendment, while not certified, is nevertheless before us. It covers 49 typewritten pages. It cites and argues many reported decisions and contains such subheadings as "Statement of the Case, "History of the Case," "Facts of the Case," "Argument," "Summary" and "Conclusion." We have read the proposed amendment carefully and find that it presents no facts which could properly be considered on a motion in the nature of a writ of error *coram nobis* seeking vacation of the judgment.

The People filed in this court a motion to strike all that part of the record filed herein by appellant not officially certified and all parts of the abstract covering the uncertified portion of the record. Appellant filed a motion to strike the People's motion. These motions were taken with the case. Our decision renders it unnecessary to pass specifically upon them but effectually disposes of them. The action of the lower court in striking the motion in the nature of a writ of error *coram nobis* filed by appellant and in refusing to allow the motion to be amended, approximately six months after it had been stricken, is affirmed.

*Judgment affirmed.*