(No. 31639.—

FRED PUTNAM, Appellant, *vs.* THE PEOPLE OF THE STATE OF ILLINOIS, Appellee.

*Opinion filed March 22, 1951.*

FRED PUTNAM, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and KENNETH E. EVANS, State's Attorney, of Decatur, (LLOYD E. LATENDRESSE, ROY B. FOSTER, and ROBERT D. OWEN, all of Decatur, and HARRY L. PATE, of Tuscola, of counsel,) for the People:

Mr. JUSTICE DAILY delivered the opinion of the court:

An indictment returned to the circuit court of Macon County in February, 1947, charged Fred H. Putnam with the murder of one Dalton Rice. A motion to quash the indictment failed and, upon arraignment, Putnam, who was represented by counsel of his own choosing, entered a plea of not guilty. This plea was later withdrawn and a plea of guilty entered despite the court's admonishment as to the consequence of such a plea. The court heard evidence in aggravation and mitigation, then sentenced Putnam to the penitentiary for life. On review by writ of error, this court affirmed the judgment of conviction. *People* v. *Putnam,* 398 Ill. 421.

In July, 1948, Putnam, to whom we shall hereafter refer as petitioner, filed a petition in the nature of a writ of error *coram nobis,* alleging that certain facts existed at the time of his trial, which, if known to the court, would

have precluded the acceptance of his plea of guilty and the entry of judgment and sentence against him, and asked that the judgment be set aside. Summarized briefly, the facts alleged to have been unknown to the court, are: (1) That the petitioner's past medical history and war experience, as particularly reflected by his army medical records, indicate that he might have been insane at the time he committed the act for which he was tried; (2) that the change of his plea from not guilty to guilty was fraudulently induced by petitioner's counsel; (3) that his conviction resulted from fraudulent representations made by his counsel to the petitioner, his relatives and the court; and (4) that the fraudulent representations and actions of his counsel deprived him of his statutory defense of insanity. After the petition was filed there followed a series of motions, answers, amendments and argument on the part of both the petitioner and the People, the chief result of which was that the trial court struck from both the original and amended petitions all the allegations relating to fraud of petitioner's counsel. Thus when a hearing was held on February 14, 1950, there remained only the issue of whether petitioner might have been insane at the time of the slaying. The court heard and accepted evidence on this issue, and found it insufficient to support the allegation. Petitioner also sought to introduce evidence relative to the alleged fraud of his counsel, however, objections to it were sustained by the court, which thereafter entered judgment finding for the People and against the petitioner. Putnam now comes to this court for a direct review of the matters relating to his petition.

There is but one error assigned in this court, *viz.*, that the lower court erred in allowing the People's motion to strike allegations showing fraud, duress and coercion from petitioner's original and amended petitions. Thus we are not asked to review the court's finding that the evidence did not sustain the allegations of probable insanity. The

allegations as to fraud, duress and coercion are all founded on, and directed against, the words and actions of the counsel whom the petitioner engaged to defend him at his trial. The rationale of petitioner's position is that he changed his plea from one of not guilty to guilty because his attorney represented to him, and to his relatives, that he would possibly receive the death penalty if tried by a jury, whereas if he pleaded guilty he would not be sentenced to over fourteen years, which, after deducting time for good behavior, would permit him to be back home in eight years and three months. Petitioner charges that the attorney fraudulently enlisted the aid of the petitioner's wife and mother, by pointing out the foregoing facts, to persuade him to change his plea. It is also alleged that the attorney breached his contract of employment which had been made with an aunt who financed the defense, and which contemplated a trial by jury. A further charge, closely connected with the one just related, is that the attorney advised against the defense of a plea of insanity, saying that the petitioner would be confined to the Illinois Security Hospital and "would never get out." Lastly, it is charged that the attorney's statement to the court that the petitioner had been fully advised, and knew what he was doing, was not a true statement.

The function of a *coram nobis* proceeding is to bring to the attention of the court and to obtain relief upon errors of fact, such as death of either party pending the suit, or infancy, or coverture, or insanity, or a valid defense existing in fact but which, without negligence upon the part of the defendant, was not made either through duress, fraud or excusable mistake of such a character that, if known in time, would have prevented the rendition and entry of the judgment. (*People* v. *Gleitsman,* 396 Ill. 499; *People* v. *Ogbin,* 368 Ill. 173.) In applying the foregoing rule we have held that incompetence and actions of a defendant's lawyer of his own choosing are not proper matters for con-

sideration under a writ of error *coram nobis,* but are properly raised on writ of error. (*People* v. *Sheppard,* 405 Ill. 79; *Hall* v. *People,* 402 Ill. 478; *Thompson* v. *People,* 398 Ill. 366; *People* v. *Gleitsman,* 396 Ill. 499.) The trial court properly struck the portions of the petition relating to what is termed the fraud of petitioner's attorney.

It is apparent that the petitioner's chief complaint is that the method of defense advised by his counsel did not result in as light a sentence as expected. The petition shows that counsel outlined the various courses that could be taken and the probable consequences of each. That the method of defense adopted failed to bring the lenient punishment expected, and the fact that some other course might have resulted in a lesser penalty, does not make counsel's failure to pursue another course a fraudulent act. As pointed out in *People* v. *Ney,* 349 Ill. 172, to so hold would set a dangerous precedent. The record of petitioner's conviction, which was previously reviewed by this court in detail in *People* v. *Putnam,* 398 Ill. 421, shows clearly that the trial court admonished the petitioner of the consequences of his plea and advised him of his rights. If the advice given him by his counsel differed from that of the court, it was petitioner's duty to so inform the court. He chose, however, to remain silent and to persist in his plea, apparently satisfied with it until he failed to receive as light a sentence as anticipated. Under such circumstances the alleged error of fact was not made known to the court through the petitioner's own fault and negligence, and he may not, on that basis, avail himself of the remedy of a petition in the nature of a writ of error *coram nobis.* *Guth* v. *People,* 402 Ill. 286; *Hawks* v. *People,* 398 Ill. 281; *People* v. *Bruno,* 346 Ill. 449.

The record overcomes the allegations that petitioner's plea of guilty resulted from the fraud of his counsel, for he persisted in it after being fully advised by the court. His dissatisfaction with his counsel should have been ex-

pressed to the court at the time of his arraignment, and raised in the writ of error sued out to this court. The trial court properly confined the *coram nobis* proceeding to the issues relating to petitioner's allegations concerning his mental condition. Its judgment finding for the People, and against the petitioner, is affirmed.

*Judgment affirmed.*