(No. 38158.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* KEITH ALAYRE ANDERSON, Appellant.

*Opinion filed September 29, 1964.*

WILLIAM P. GERBER, of Chicago, (HOWARD T. SAVAGE, of counsel,) for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and BRUNO W. STANCZAK, State's Attorney, of Waukegan, (FRED G. LEACH and GEORGE W. KENNEY, Assistant Attorneys General, and JACK HOOGASIAN, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

On September 17, 1962, the Lake County grand jury returned a one-count indictment charging the defendant, Keith Alayre Anderson, with an attempt to commit murder arising from a knife attack against Mrs. Betty Oglesby, his mother-in-law, on July 20, 1962. The defendant, represented by counsel of his choice, pleaded guilty to the charge before Judge Decker in the circuit court of Lake County on November 8, 1962. Judge Decker was appointed to the Federal bench and the case was reassigned to Judge Philip Yager, who, on February 18, 1963, after a February 15 hearing on defendant's motion for probation and denial thereof, sentenced defendant to a term of one to ten years imprisonment.

On May 2, 1963, a petition in the nature of a writ of error *coram nobis* under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1961, chap. 110, par. 72) was filed before Judge Yager with the court's leave, by newly retained counsel, alleging that defendant was insane at the time of the offense and at the time of his plea; that Judge Decker did not know the facts which might have established defendant's mental state and that he entered judgment without first conducting a sanity hearing. The State filed both a motion to dismiss and an answer to this petition. The motion was denied and a hearing was held on the petition and answer thereto on June 24, 1963, at which time Judge Yager denied the petition and remanded defendant to the penitentiary. Defendant is here on direct appeal from the trial court's order of June 24, 1963, alleging a denial of constitutional due process because of the trial court's failure to conduct a hearing on the question of his sanity both at the time of his plea and again at the time of sentencing, and that he was denied the assistance of counsel because his representation was so inadequate that it amounted to no representation at all.

While defendant argues in his brief here that it was the duty of the trial court to hold a sanity hearing at the time of sentencing, the allegations of the petition and accompanying affidavits relate only to insanity prior to and at the date of arraignment and plea. Our consideration of the appeal is limited accordingly because matters not raised in the pleadings nor passed upon by the trial court cannot be presented for the first time on review. (*People ex rel. White* v. *Busenhart,* 29 Ill.2d 156; *Benson* v. *Isaacs,* 22 Ill.2d 606). Nor may the adequacy of defendant's representation in the trial court be questioned here since contentions relating to the competency of counsel may not properly be advanced in a proceeding of this type. *Hall* v. *People,* 402 Ill. 478, 481; *Putnam* v. *People,* 408 Ill. 582.

The single issue before us in this proceeding is the propriety of the trial court's ruling on defendant's petition, but broader constitutional questions are also present herein since we have many times held, "The trial or sentencing of a person charged with a criminal offense, while he is insane, violates his constitutional rights and is expressly prohibited by statute. (*People* v. *Robinson,* 22 Ill.2d 162; Ill. Rev. Stat. 1959, chap. 39, par. 593.)" *People* v. *Shrake,* 25 Ill.2d 141, 142.

Defendant has pursued the proper remedial course because in past cases we have regarded a verified motion or petition in the nature of a writ of error *coram nobis* pursuant to section 72 of the Civil Practice Act a proper means to raise the question of defendant's sanity at the time of trial when the presence of such question was unknown to the trial court. *Costas* v. *People,* 9 Ill.2d 534; *People* v. *Samman,* 408 Ill. 549; *Schroers* v. *People,* 399 Ill. 428.

The sole issue presented by the petition was whether at the time of entry of the guilty plea there were facts present which, had they been known to the trial court, would have raised a *bona fide* doubt as to the defendant's sanity. Under the relevant provisions of the Criminal Code

and the interpretative cases, if a *bona fide* doubt would have arisen either from the suggestion of counsel or the court's own observation, the court then would have been required to impanel a jury for a sanity hearing before proceeding further. (Ill. Rev. Stat. 1961, chap. 38, par. 593; *People* v. *Burson,* 11 Ill.2d 360; *People* v. *Baker,* 26 Ill.2d 484, 488.) However, it appears from the record of the hearing on the petition that the State and defense counsel were under the mistaken impression that the issue to be decided was whether defendant was sane or insane on November 8, 1962, the date of the plea. The trial court acquiesced in this view, and the petitioner was required to prove defendant's insanity on that date in order to prevail. Thus, at one point, the judge said: "The only issue raised by the petition is this—was Keith Anderson sane or insane on November 8, 1962?" Both the prosecutor and defense counsel agreed with the court's conclusion. Again, near the end of the hearing, the judge stated to defense counsel: "You have the burden to show, and your only petition goes to this fact. Was he sane or insane on November 8, 1962? There isn't one bit of evidence before this court on that point." Clearly these statements were erroneous because, before its recent revision, the Criminal Code restricted the determination of the question of a defendant's sanity to a jury impanelled for that purpose. (Ill. Rev. Stat. 1961, chap. 38, par. 593; *People* v. *Geary,* 298 Ill. 236.) In *People* v. *Bender,* 20 Ill.2d 45, we held that at a pretrial sanity hearing the State has the burden of proving defendant's sanity and we said at p. 54: "When the State, the defense, and the court, all proceeded on an entirely erroneous belief that the burden of establishing insanity rested upon defendant, it was impossible for the defendant to receive a fair and impartial trial according to the law of this State." So, here, the defendant has been denied a fair trial because all parties proceeded under an erroneous theory. It was not the duty of the judge hearing the petition to determine de-

fendant's sanity on the date of entry of the plea, but only to determine whether facts existed which, if known to the trial court, would have raised a *bona fide* doubt as to his sanity and, if he found that such facts existed, to then impanel a jury and resolve the question pursuant to the rules as to burden of proof set forth in *Bender*.

It is therefore necessary that the judgment of the circuit court of Lake County denying the petition be reversed and the cause remanded for further proceedings consistent with this opinion. It is so ordered.

*Reversed and remanded.*