THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STEVEN ALLEN HANNA, Defendant-Appellant.

(No. 12149;

Fourth District—September 10, 1973.

John F. McNichols, District Defender, of Springfield, (J. Daniel Stewart, Assistant Defender, of counsel,) for appellant.

No appearance for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant-appellant Steven Allen Hanna was indicted for the offense of attempt escape, and tried before a jury, which returned a verdict of guilty. Defendant was sentenced to an indeterminate term of 1 to 3 years, the sentence to run consecutively to sentences previously imposed.

The conviction was affirmed on direct appeal. (*People v. Hanna,* 1 Ill.App.3d 760.) On March 15, 1972, defendant filed, *pro se,* a "Petition for Relief of Judgment" pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 72), which petition was later amended and alleged that at the time of the alleged offense and also at the time of trial there existed a bona fide doubt as to his sanity and competency to stand trial. Counsel was appointed and the trial judge conducted a detailed and thorough evidentiary hearing following which he denied section 72 relief.

The Illinois Defender Project moved to withdraw as counsel for defendant, and appended to the motion a brief in conformity with *Anders v. California,* 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396. The record shows proof of service of the motion and brief upon the defendant. The motion was continued to enable the defendant to file additional suggestions, and notice of this opportunity was given to him. None were filed. In discharge of our responsibilities we have examined the record.

In the opinion of Dr. Manfred Kydan, who had examined the defendant on February 6, 1970, the defendant was "* * * well oriented in all fields, shows very good detailed memory for recent as well as remote events, is well aware of the charges against him and seems capable of cooperating with counsel * * *." As to sanity Dr. Kydan concluded that defendant "* * * shows a rather typical picture of a sociopathic personality * * * it * * * does not represent a state of psychosis now or to the best of my judgment at any time in the past * * * he was capable of planning and understanding his actions but acting out in anti-social fashion due to his poor lack of emotional control which is * * * not a psychiatric illness which would relieve him of responsibility for his actions.'" We see no point in detailing all of the evidence offered. None of it contradicted the opinion of Dr. Kydan.

The granting of section 72 relief is dependent upon whether the evidence presented raised a bona fide doubt as to defendant's sanity or competency. (*People v. Anderson,* 31 Ill.2d 262, 201 N.E.2d 394.) The trial judge found that the evidence raised no bona fide doubt, and an examination of the evidence clearly establishes that it would admit of no other finding.

We agree that this record discloses no justiciable issue for review and that the appeal is frivolous and without merit. Accordingly the motion of the Illinois Defender Project to withdraw as defendant's counsel is allowed. The judgment of the trial court is affirmed.

Judgment affirmed.

CRAVEN, P. J., and TRAPP, J., concur.