THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES WASHINGTON, Defendant-Appellant.

First District (3rd Division)   No. 80—2567

Opinion filed December 30, 1982.

Robert K. Amyer, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Joan S. Cherry, David A. Shapiro, and Harry John Devereux, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:

A jury found defendant, Charles Washington, guilty of murder and armed violence. (Ill. Rev. Stat. 1977, ch. 38, pars. 9—1, 33A—2.) The armed-violence conviction was dismissed, and defendant received a 28-year sentence for murder. Defendant contends that he was denied effective assistance of counsel due to his counsel's conflict of in-

terest in simultaneously serving as city prosecutor for Chicago Heights, a municipality with considerable connection to the Chicago offense for which defendant was prosecuted. Defendant also contends that the State failed to prove him guilty beyond a reasonable doubt. We reverse and remand.

On May 16, 1979, a Chicago Heights police officer, accompanied by two Chicago police officers, arrested defendant without a warrant for a murder which had occurred one and a half years earlier in Chicago Heights. Later that day, defendant was turned over to Chicago police officers, who put him in a lineup where two eyewitnesses identified him as the man who shot and killed Nathan Bottley in Chicago on May 7, 1979. Prior to the Bottley murder trial, defendant moved to quash his arrest and suppress the identifications. During the consolidated hearing on those motions, the assistant State's Attorney informed the court that defense counsel was the city attorney for Chicago Heights. Defense counsel then stated that he told defendant that he could no longer represent him in the Chicago Heights case and that if defendant still wanted to be represented by him in the Chicago case, he anticipated that no Chicago Heights police officers would be called. The trial court then, without explaining to defendant the potential conflict, elicited defendant's assent to the representation. Later in the hearing, the State called a Chicago Heights police officer whom defense counsel cross-examined. Subsequently, defense counsel himself called a different Chicago Heights police officer. At the conclusion of the hearing, the trial court found that the police had probable cause to arrest defendant for the Chicago Heights offense and that defendant was not in custody on the Chicago charge until a warrant issued against him. The trial court then denied both defense motions. The case proceeded to trial, and a jury found defendant guilty of murder and armed violence.

■ Defendant contends that he was denied effective assistance of counsel as a result of his counsel's conflict of interest. Initially, the State maintains that defendant waived appellate review of his trial counsel's conflict of interest because he failed to raise the issue at trial or in his post-trial motion for a new trial. We disagree. The conflict here was clearly brought to the attention of the trial court. Moreover, absent post-trial review by an independent attorney, appellate review of a defense counsel's conflict of interest is not waived by the failure to raise the issue in a post-trial motion. (See *People v. Hunt* (1979), 73 Ill. App. 3d 1034, 1037, 392 N.E.2d 793, 795; *People v. Mathes* (1979), 69 Ill. App. 3d 275, 282, 387 N.E.2d 39, 43-44.) In this case, independent counsel first appeared weeks after defendant's mo-

tion for a new trial and motion in arrest of judgment had been filed, argued and denied. (See *People v. Arreguin* (1981), 92 Ill. App. 3d 899, 901, 416 N.E.2d 402, 403.) We will therefore consider the merits of defendant's argument.

The sixth amendment right to counsel includes a correlative right to representation free from conflicts of interest. (*People v. Lewis* (1981), 88 Ill. 2d 429, 436, 430 N.E.2d 994, 998, citing *Wood v. Georgia* (1981), 450 U.S. 261, 67 L. Ed. 2d 220, 101 S. Ct. 1097; *Cuyler v. Sullivan* (1980), 446 U.S. 335, 64 L. Ed. 2d 333, 100 S. Ct. 1708; *Holloway v. Arkansas* (1978), 435 U.S. 475, 55 L. Ed. 2d 426, 98 S. Ct. 1173; *Glasser v. United States* (1942), 315 U.S. 60, 86 L. Ed. 680, 62 S. Ct. 457.) A defendant is entitled to the undivided loyalty of his attorney. (*People v. Stoval* (1968), 40 Ill. 2d 109, 111, 239 N.E.2d 441, 443, citing *Glasser v. United States* (1942), 315 U.S. 60, 86 L. Ed. 680, 62 S. Ct. 457.) Thus, defense counsel should not represent conflicting interests or undertake the discharge of inconsistent obligations. (*People v. Kester* (1977), 66 Ill. 2d 162, 166, 361 N.E.2d 569, 571.) The Illinois Supreme Court has fashioned a *per se* rule under which prejudice is presumed and reversal is mandated where defense counsel is shown to have had conflicting professional commitments.[1] (*People v. Stoval* (1968), 40 Ill. 2d 109, 239 N.E.2d 441; see *People v. Fife* (1979), 76 Ill. 2d 418, 392 N.E.2d 1345; *People v. Coslet* (1977), 67 Ill. 2d 127, 364 N.E.2d 67; *People v. Kester* (1977), 66 Ill. 2d 162, 361 N.E.2d 569; *People v. Meyers* (1970), 46 Ill. 2d 149, 263 N.E.2d 81.) Professional commitments have been found to conflict where defense counsel simultaneously served as a special assistant Attorney General, even though her duties were specific and noncriminal (*People v. Fife* (1979), 76 Ill. 2d 418, 392 N.E.2d 1345), and where defense counsel previously appeared for the State in the same case (*People v. Kester* (1977), 66 Ill. 2d 162, 361 N.E.2d 569). In the case before us, defense counsel served part-time as city prosecutor for Chicago Heights. We believe that counsel's professional commitments inevitably conflict when such inherently inconsistent roles are undertaken and the employer-municipality is involved in the case in any significant way. Here, defense counsel's employer, the city of Chicago

---

[1] The Illinois Supreme Court has determined that the *per se* rule does not apply where a defendant alleges ineffective assistance of counsel due to joint representation. in those situations, a defendant must show "an actual conflict of interest manifested at trial." (*People v. Berland* (1978), 74 Ill. 2d 286, 299-300, 385 N.E.2d 649, 655.) Thus, Illinois law does not diverge, as the State suggests, from that set forth in *Cuyler v. Sullivan* (1980), 446 U.S. 335, 64 L. Ed. 2d 333, 100 S. Ct. 1708, a case involving multiple representation.

Heights, was significantly involved since the legality of defendant's arrest and identification depended to some extent upon the activities of Chicago Heights police officers.

The State contends, however, that no conflict arose in this case because defense counsel's prosecutorial authority did not extend to any State charges or to any case outside Chicago Heights. In support of its position, the State relies on *People v. Satterwhite* (1967), 38 Ill. 2d 138, 230 N.E.2d 206, and *People v. Garrett* (1978), 57 Ill. App. 3d 906, 373 N.E.2d 792. We believe both cases are distinguishable. In *Satterwhite*, which was decided before the formulation of the *per se* rule, the defendant merely asserted in a post-conviction petition that his defense counsel was also an assistant corporation counsel for the city of Chicago. In *Garrett*, the defense counsel simultaneously served as mayor of a city that was not significantly involved in the case, and he only represented the defendant with regard to the motion to withdraw his guilty plea, not the plea itself.

▮▮ Although we acknowledge the limited scope of defense counsel's prosecutorial duties, we believe that the critical question concerns the scope of his professional commitments, an inquiry which demands consideration of the realities of his practice and the ethical responsibilities of his position. We note, as have other courts, that when a city attorney prosecutes violations of city ordinances, city police officers are the primary, if not sole, prosecution witnesses. (See, *e.g., People v. Rhodes* (1974), 12 Cal. 3d 180, 183-84, 524 P.2d 363, 365, 115 Cal. Rptr. 235, 237; *Karlin v. State* (1970), 47 Wis. 2d 452, 458-59, 177 N.W.2d 318, 321-22.) Therefore when a city prosecutor acts as defense counsel in a case where his own city police officers are involved, a struggle inevitably arises between counsel's obligation to represent his client competently and zealously, and "a public prosecutor's natural inclination not to anger the very individuals whose assistance he relies upon in carrying out his prosecutorial responsibilities." (*People v. Rhodes* (1974), 12 Cal. 3d 180, 184, 524 P.2d 363, 366, 115 Cal. Rptr. 235, 238.) This type of conflict operates to deprive a defendant of the undivided loyalty of his counsel. Moreover, "it places an additional burden on counsel, however conscientious, and exposes him unnecessarily to later charges that his representation was not completely faithful." (*People v. Stoval* (1968), 40 Ill. 2d 109, 113, 239 N.E.2d 441, 444.) In addition, a public prosecutor's vigorous representation of a criminal defendant may interfere with essential interdependent and supportive relationships among law enforcement agencies, thereby endangering the proper functioning of the criminal justice system. (See *People v. Rhodes* (1974), 12 Cal. 3d 180, 184, 524 P.2d

363, 366, 115 Cal. Rptr. 235, 238.) Finally, public confidence in the integrity and impartiality of the criminal justice system demands that public officials avoid even the appearance of impropriety. This demand echoes an attorney's personal professional responsibility. (Ill. Rev. Stat. 1981, ch. 110A, Canon 9.) Since the nature and duties of a public prosecutorial position are inherently incompatible with those of criminal defense when the employer-municipality is involved in the case in any significant way, we conclude that defendant was denied effective assistance of counsel here.

The State further argues that even if defense counsel had a conflict of interest in this case, defendant effectively waived his sixth amendment right to conflict-free representation. We disagree. We must apply every reasonable presumption against waiver of fundamental constitutional rights, and, in determining whether the right to counsel free from any conflict of interest has been knowingly and intelligently waived, we must look to the circumstances of the particular case, including the background, experience and conduct of the defendant. See *Johnson v. Zerbst* (1937), 304 U.S. 458, 464, 82 L. Ed. 1461, 1466, 58 S. Ct. 1019, 1023.

Here, defense counsel apparently recognized that his prosecutorial position with Chicago Heights created a conflict which precluded him from representing defendant in the Chicago Heights case, for he advised defendant that he could no longer represent him in that case and withdrew from it. Apparently, defense counsel believed he could represent defendant in the Chicago case, but in offering his continued representation to defendant, he told defendant that he did not expect any Chicago Heights police officers to be called. Early in the hearing on defendant's motions to quash arrest and to suppress identifications, before Chicago Heights police officers were called, the trial court considered defendant's assent to representation by the part-time prosecutor for Chicago Heights. However, the court neither probed defendant's understanding of the conflict nor tested the knowledgeability of defendant's assent. Rather, the court asked, "[Y]ou have no objection to counsel representing you on this matter?" Defendant responded, "No, judge." Later, when Chicago Heights police officers were called to testify, neither defense counsel nor the trial court questioned defendant to determine whether he wanted to withdraw his assent.

Since an important potential source of conflict here was the "subconsciously compromising effect" which counsel's prosecutorial position might have had on defendant's defense (see *People v. Meyers* (1970), 46 Ill. 2d 149, 152, 263 N.E.2d 81, 83), this is clearly

not a case where defendant did not require an explanation by the trial court or by counsel to alert him to the potential conflict (see *People v. Lewis* (1981), 88 Ill. 2d 429, 437, 430 N.E.2d 994, 998). Furthermore, the record does not suggest that defendant had any experience with the legal system which would add to his ability to appreciate the relationships of parties and the possibility of conflicting interests (see *People v. Stroner* (1982), 104 Ill. App. 3d 1, 7, 432 N.E.2d 348, 352). Given the nature of the conflict, the lack of explanation, and the background of defendant, we conclude that defendant never knowledgeably assented to representation by counsel with a conflict of interest and did not knowingly and intelligently waive his sixth amendment right to conflict-free representation. Since defendant did not have conflict-free representation, we conclude that he is entitled to a new hearing on his pretrial motions and a new trial.

In view of our decision that defendant should be given a new hearing on his pretrial motions and a new trial, the only other issue we need to address is whether defendant was proved guilty beyond a reasonable doubt. Defendant argues that the reliability of his identification is doubtful. Defendant called several witnesses who either placed him elsewhere at the time of the occurrence or could not identify him as the perpetrator of the crime. There were, however, two witnesses who had an opportunity to view the perpetrator, and they positively identified defendant. We therefore believe that the evidence was sufficient for a jury to conclude that defendant was guilty beyond a reasonable doubt. This does not mean that we are making a finding as to defendant's guilt or innocence which would be binding on retrial, but rather, our consideration of the sufficiency of the evidence protects defendant's constitutional right against double jeopardy as mandated by *People v. Taylor* (1979), 76 Ill. 2d 289, 309, 391 N.E.2d 366, 375. See *People v. Clark* (1980), 84 Ill. App. 3d 637, 642, 405 N.E.2d 1192, 1195-96.

Accordingly, the judgment is reversed, and the case is remanded for a new hearing on defendant's pretrial motions and a new trial.

Reversed and remanded.

WHITE, P.J., and McGILLICUDDY, J., concur.