THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LAMONT SMITH, Defendant-Appellant.

First District (5th Division)   No. 86—0916

Opinion filed November 4, 1988.

Steven Clark, of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Kenneth T. McCurry, Kim A. Novi, and Susan Salita, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE LORENZ delivered the opinion of the court:

This is an appeal from denial of a petition for relief pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401) following criminal convictions.

We affirm.

Defendant, Lamont Smith, was convicted of rape, armed robbery, and home invasion on March 14, 1984, after a bench trial before the Honorable Kenneth Gillis. In that proceeding, defendant was represented by Russell Born, an assistant Cook County public defender. Subsequently, in April 1985, upon the State's confession of error, this court entered an order vacating one of defendant's two home invasion counts and remanded, for resentencing, the remaining home invasion count. Defendant's convictions and sentences for rape and armed robbery were not disturbed.

On November 27, 1985, defendant, *pro se*, filed a "Petition For A Writ Or [*sic*] Error Coram Nobis" in the circuit court seeking to vacate his sentences and for grant of a new trial. That petition was superseded by one seeking relief, pursuant to section 2—1401 of the Code of Civil Procedure, filed on defendant's behalf by Ronald P. Katz, another assistant in the Cook County public defender's office.

The petition asserted two grounds for relief. First, the petition stated defendant was unfit to stand trial because defendant suffered from schizophrenia and therefore could not understand the proceedings against him or cooperate with counsel. As support, the petition cited two attached exhibits consisting of reports of two psychiatrists. Those reports concluded that defendant was unfit by reason of his illness to stand trial in 1977 for an unrelated offense. As further support, defendant cited numerous other psychiatric evaluations made shortly after his sentencing hearing on April 12, 1984, in the criminal proceeding underlying this appeal. Second, the petition argued defendant was afforded ineffective assistance of trial counsel because Assistant Public Defender Born failed to inquire as to defendant's past psychiatric history and did not request a psychiatric evaluation.

An evidentiary hearing on defendant's petition was begun on

March 26, 1986, before the Honorable Thomas R. Fitzgerald. Assistant Public Defender Katz represented defendant at that hearing.

Two witnesses were called to testify for defendant. Robert A. Reifman, a psychiatrist and director of the psychiatric institute of the circuit court of Cook County, a qualified expert, described the nature of schizophrenia and testified to his review of numerous psychiatric reports, including one of his own, prepared in connection with defendant's prior criminal proceeding.

On cross-examination, Reifman stated that on March 15, 1978, he had found defendant, with medication, was mentally fit to stand trial. Reifman stated that he had examined defendant on February 5, 1986, and, based on that examination, as well as upon his review of the earlier reports and examinations, concluded that defendant was "probably fit for trial" in the underlying action.

In connection with Reifman's testimony, the trial judge admitted into evidence various behavior assessments and psychiatric reports concerning defendant. Two of the documents related to the 1977 proceeding against defendant. Fourteen of the documents related to reports dated between May 5, 1984, and March 15, 1985.

Defendant's mother testified as to her observation of defendant's aberrant behavior during a visit with him at the Illinois Psychiatric Hospital in 1977, just prior to his arrest in the instant action, and during a visit with defendant in jail prior to trial.

The parties stipulated that on April 26, 1978, defendant had been adjudicated fit to stand trial in the earlier, unrelated, proceeding.

Assistant Public Defender Born, defendant's trial counsel, also testified for the State as to his opinion, based on pretrial conferences with defendant, defendant's participation in formulation of a trial defense, and defendant's conduct at trial, including defendant's testimony, as to whether defendant understood the nature of the charges against him. The circumstances and nature of Born's testimony will be more fully discussed below.

After considering the above evidence, defendant's petition was denied. This appeal followed.

OPINION

Defendant cites three points of error in the ruling below. Defendant contends the trial court improperly refused to consider, in the section 2—1401 proceeding, whether defendant was afforded effective trial counsel because of Assistant Public Defender Born's failure to inquire as to, and present to the court, defendant's past psychiatric condition. Defendant also contends that because Assistant Public De-

fender Katz, defendant's counsel at the section 2—1401 proceeding, was a member of the same office as Assistant Public Defender Born, defendant's trial counsel, conflicts of interest precluded Katz from properly representing defendant. Finally, defendant argues that, because defendant had successfully petitioned for substitution of Judge Fitzgerald prior to the original trial, it was error for Judge Fitzgerald to preside over defendant's subsequent section 2—1401 petition.

## I

In the hearing on defendant's section 2—1401 petition below, the trial judge permitted testimony only as to establish whether defendant was fit to stand trial and precluded testimony pertaining to the ineffective assistance of trial counsel. The record shows that, during cross-examination of Assistant Public Defender Born, the trial judge specifically admonished Assistant Public Defender Katz:

> "The issue, Mr. Katz, is it not, is whether or not the man was fit for trial in 1985, not whether or not the lawyer was competent.
>
> This is a—its [sic] not a P.C. [hearing pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, pars. 122—1 through 122—8)]."

Defendant contends that determination constitutes reversible error as judicial economy required that the court consider whether defendant received ineffective assistance of trial counsel along with the issue of whether defendant was fit to stand trial. Defendant urges such flexibility in section 2—1401 proceedings is supported by the decision in *People v. McManus* (1978), 66 Ill. App. 3d 986, 384 N.E.2d 568.

■ We disagree. Generally, section 2—1401, formerly section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72), provides a modern substitute for a writ of error *coram nobis* permitting vacation of judgments obtained by duress or fraud, or judgments entered because of a party's excusable mistake or ignorance, where, without the party's own negligence, the party has been deprived of a defense which, if known to the court, would have prevented judgment. (*In re Charles S.* (1980), 83 Ill. App. 3d 515, 404 N.E.2d 435.) However, the Illinois Supreme Court has long held such proceedings do not provide the appropriate forum for which a defendant may raise contentions as to competency of counsel. (*People v. Anderson* (1964), 31 Ill. 2d 262, 201 N.E.2d 394; *Putnam v. People* (1951), 408 Ill. 582, 97 N.E.2d 841; *Hall v. People* (1949), 402 Ill. 478, 84 N.E.2d

418; *People v. Gleitsman* (1947), 396 Ill. 499, 72 N.E.2d 208.) Such contention is properly made, instead, pursuant to the Post-Conviction Hearing Act. See, *e.g., People v. Savage* (1972), 8 Ill. App. 3d 162, 289 N.E.2d 460.

Defendant here presents no compelling reasons for departure from the above procedure, and we can find no basis in *McManus* for the argument that that case allows relaxation of the above general rule in factual situations other than that specifically before the court there.

In *McManus*, the defendant's direct appeal following conviction for delivery of a controlled substance was dismissed for failure to timely file the trial record when neither defendant nor counsel appeared at hearing on the State's motion. Defendant subsequently filed a verified section 72 petition to vacate the dismissal stating that defendant had contacted counsel numerous times and had relied on counsel's assurance that the appeal was being properly processed. The petition also stated defendant had never resided at the address to which notice of the hearing had been sent. The State successfully moved to dismiss the petition. Defendant appealed. Acknowledging that section 72 may not "specifically be intended" to relieve a litigant of incompetence of counsel, as the Post-Conviction Hearing Act is intended to provide such relief (*McManus*, 66 Ill. App. 3d at 989, 384 N.E.2d at 571), the court nevertheless vacated the dismissal of defendant's petition. The court explicitly based its conclusion on supplementary considerations of three other supreme court decisions in which defendants' direct appeals were dismissed for failure of counsel to timely file briefs. (*McManus*, 66 Ill. App. 3d at 989-91, 384 N.E.2d at 571-72, citing *People v. Brown* (1968), 39 Ill. 2d 307, 235 N.E.2d 562; *People v. Aliwoli* (1975), 60 Ill. 2d 579, 328 N.E.2d 555; *People v. Jacobs* (1975), 61 Ill. 2d 590, 338 N.E.2d 161.) The court reasoned that, procedurally, dismissal of the section 72 petition in favor of requiring defendant to file a post-conviction petition in the circuit court would not only cause delay, but would permit defendant only an inquiry of limited scope on subsequent appeal from that ruling, thus depriving defendant of his constitutional right to a direct appeal. *McManus*, 66 Ill. App. 3d at 990-91, 384 N.E.2d at 572.

■ The considerations supporting the holding in *McManus* and cases cited therein are not present in the matter before us. Defendant here was never denied the opportunity to perfect a direct appeal from his conviction. It does not follow that a determination that the trial court did not err in refusing to consider the incompetency of counsel issue in the section 2—1401 hearing below would now jeop-

ardize defendant's right to a direct appeal. Further, while we acknowledge the merits of promoting judicial economy, we must decline to legitimize use of that consideration as means to circumvent procedural mechanisms established by statute. We conclude that it was not error for the trial judge to refuse to consider, in the section 2—1401 hearing, the issue of the ineffectiveness of defendant's trial counsel.

## II

In the proceeding below, the State called Assistant Public Defender Born to testify as to his observations concerning defendant's fitness to stand trial. On direct examination, Born testified that he discussed defendant's case with defendant several times prior to trial and never noticed defendant having problems communicating. Born stated that, in fact, defendant had requested that a particular kind of blood test be performed in connection with the defense against the rape charge. Born testified defendant understood how that test worked. Born stated that defendant understood the nature of the charges against him and questions put to him at trial.

Born was questioned on cross-examination by Assistant Public Defender Katz. Born stated that his conversations with defendant in the lockup were extensive. However, Born admitted that he did not have an opportunity to observe defendant outside of those meetings. Born also admitted that defendant was a "nervous kind of person" and talked fast in pressured speech. Born further admitted that he had no way of knowing whether the suggestion by defendant regarding the blood test was defendant's own idea.

On appeal, defendant contends dual conflicts of interest were presented by the above and therefore should have precluded the public defender's office from representing defendant in the section 2—1401 proceeding. First, defendant argues that a conflict arises whenever a member of the public defender's office contends another member of the office provided ineffective counsel at trial, and it was therefore improper for Assistant Public Defender Katz to represent defendant at the section 2—1401 proceeding. Second, defendant argues an equal conflict was present in the instant matter because Assistant Public Defender Katz had to cross-examine Assistant Public Defender Born, a fellow member of his office, in an attempt to discredit his testimony relating to defendant's fitness to stand trial. As support for both assertions, defendant relies on *People v. Smith* (1967), 37 Ill. 2d 622, 230 N.E.2d 169, *People v. Terry* (1970), 46 Ill. 2d 75, 262 N.E.2d 923, and subsequent cases decided in conformity therewith.

■ The Illinois Supreme Court, however, has overruled *Smith* and *Terry*, rejecting application of a *per se* rule establishing a conflict of interest whenever one public defender asserts ineffective assistance of another public defender, favoring, instead, a case-by-case inquiry to determine whether any circumstances peculiar to the case indicate presence of an actual conflict of interest. (*People v. Banks* (1987), 121 Ill. 2d 36, 520 N.E.2d 617.) As a result, the mere likelihood of a conflict is not determinative; the defendant must set forth in his petition sufficient facts to demonstrate the existence of an actual conflict. (*Banks*, 121 Ill. 2d at 46, 520 N.E.2d at 622 (Clark, C.J., specially concurring).) The adoption of such an approach, the court reasoned, is necessary because a *per se* disqualification is based on the invalid presumption that public defenders are unable to subordinate office allegiances to the foremost obligation owed to their clients. *Banks*, 121 Ill. 2d at 43, 520 N.E.2d at 620.

■ Following *Banks*, we disagree with defendant's first contention that a conflict arose in the instant matter simply because defendant was represented at the section 2—1401 proceeding by Assistant Public Defender Katz, a member of the same public defender's office as defendant's trial counsel. However, in determining whether the circumstances here indicate an actual conflict, a more difficult question is presented by defendant's second assertion because we must consider that Assistant Public Defender Katz had to attempt to discredit a fellow member of his office during live cross-examination.

In support of the argument that an actual conflict existed based on that cross-examination, defendant directs us to the decision in *People v. Washington* (1984), 101 Ill. 2d 104, 461 N.E.2d 393. In *Washington,* the defendant was indicted in connection with a murder in Chicago Heights, Illinois. The defendant filed pretrial motions, claiming his arrest in Chicago Heights was without probable cause and that lineup identifications of defendant should be suppressed. The defendant was represented by counsel who also served as the city attorney for Chicago Heights on a part-time basis. During the hearing, the State called a Chicago Heights police officer to establish that probable cause existed to support defendant's arrest. Defendant's counsel cross-examined that officer and called another Chicago Heights police officer as a rebuttal witness. The trial court denied defendant's motions and defendant was ultimately convicted. On appeal, the appellate court reversed defendant's conviction, concluding that a conflict of interest existed precluding effective assistance of counsel because defendant's attorney also served as a Chicago

Heights prosecutor. (*People v. Washington* (1982), 111 Ill. App. 3d 711, 444 N.E.2d 753.) The appellate court reasoned that "the nature and duties of a public prosecutorial position are inherently incompatible with those of criminal defense when the employer-municipality is involved in the case in any significant way." (*Washington,* 111 Ill. App. 3d at 716, 444 N.E.2d at 756.) In affirming defendant's reversal, the Illinois Supreme Court approvingly quoted the appellate court's adopted rationale:

> "[W]hen a city prosecutor acts as defense counsel in a case where his own city police officers are involved, a struggle inevitably arises between counsel's obligation to represent his client competently and zealously, and 'a public prosecutor's natural inclination not to anger the very individuals whose assistance he relies upon in carrying out his prosecutorial responsibilities.'" *People v. Washington* (1981), 101 Ill. 2d 104, 112-13, 461 N.E.2d 393, 397.

Defendant's reliance on *Washington* here is misplaced. The dilemma inherent when a prosecutor must challenge, on cross-examination, his own municipality's police officers on the legality of an arrest is materially distinguishable from a situation in which one public defender must cross-examine a fellow member of his office in attempting to establish that his client was not fit to stand trial. The public defender in such situations is not in a position, as is the prosecutor, of discrediting an individual's veracity and credibility for which he must vouch for on other occasions in the performance of official sworn duties. The public defender, rather than faced with such conflicting duties, owes only one true allegiance: to the defendant. Therefore, absent some indication, as must be set forth in the petition, in the form of the completeness and vigorousness of the cross-examination itself, that an actual conflict impinged zealous representation of defendant, we cannot conclude that a disqualifying conflict existed.

■ Review of the transcript of Assistant Public Defender Katz' cross-examination of Assistant Public Defender Born reveals no indication that Katz was in any way influenced in his questioning of Born. Instead, the record shows that Katz attempted to discredit Born's testimony as to each of the points the State sought to establish through direct testimony. Katz challenged Born as to the limited nature of Born's conversations with defendant prior to trial. Katz also challenged Born's assertion that defendant's suggestion of the blood test was indicative of defendant's mental faculties by forcing Born to admit the possibility that the suggestion was not originally

conceived by defendant. Finally, Katz elicited from Born the observation that defendant was a nervous person. Based on our review of the above, we are able to find no support for defendant's argument that an actual conflict existed below.

### III

Prior to defendant's trial in 1984, defendant successfully moved for the substitution of Judge Fitzgerald pursuant to section 114—5 of the Code of Criminal Procedure of 1963 permitting a single automatic substitution of a judge based on prejudice. (Ill. Rev. Stat. 1985, ch. 38, par. 114—5.) Defendant's case was transferred to Judge Gillis, who heard the evidence and delivered the verdict. However, when defendant subsequently petitioned for post-judgment relief, defendant also moved to have Judge Gillis recuse himself from that proceeding because of the possibility that defendant might call Judge Gillis as a witness to testify as to defendant's competency at the time of trial. Judge Gillis did so recuse himself. Defendant's section 2—1401 petition was heard by Judge Fitzgerald.

Defendant now asserts that Judge Fitzgerald should not have heard defendant's petition because defendant successfully substituted Judge Fitzgerald prior to trial.

■ We find no evidence in the record to indicate that defendant renewed the earlier pretrial motion or otherwise objected to having Judge Fitzgerald preside over defendant's post-judgment hearing. We conclude that the failure to indicate objection evidences defendant's willingness to have Judge Fitzgerald preside over the post-judgment hearing and constitutes a waiver of that issue on review. See *People v. Bach* (1979), 74 Ill. App. 3d 893, 393 N.E.2d 563.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

PINCHAM and MURRAY, JJ., concur.