THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellant, v. GARY LAWTON, Respondent-Appellee.

Fourth District   No. 4—02—0189

Opinion filed December 2, 2002.—Rehearing denied January 23, 2003.

Frank McCartney, State's Attorney, of Pittsfield (Norbert J. Goetten, Robert J. Biderman, and James C. Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

John B. Leonard, of Mt. Sterling, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

The State appeals from the order of the circuit court of Pike County granting defendant's petition for relief from judgment pursuant to section 2—1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1401 (West 2000)). We reverse.

On November 19, 1998, the trial court found defendant to be a sexually dangerous person pursuant to the Illinois Sexually Dangerous Persons Act (Act) (725 ILCS 205/0.01 through 12 (West 1998)). On appeal, this court affirmed the order of commitment (*People v. Lawton*, No. 4—98—1018 (July 20, 1999) (unpublished order under Supreme Court Rule 23)). On August 17, 2000, defendant filed a petition for relief from judgment pursuant to section 2—1401 of the Code. Defendant argued he was denied effective assistance of counsel. Following a hearing, the trial court granted defendant's petition for relief from judgment, finding "ineffective assistance of counsel existed in the area of [defense counsel's] failure to object or to contest or to provide counsel involving the issue of demonstrated propensities." This appeal followed.

The State first argues that a petition for relief from judgment pursuant to section 2—1401 is not an appropriate pleading for the review of ineffectiveness of counsel.

■ Section 2—1401 establishes a process by which a defendant may seek relief from a judicial order more than 30 days after its entry. In a proceeding under section 2—1401, a trial court may vacate a judgment obtained by duress or fraud, or where by some excusable mistake or ignorance of a party and without negligence on his part he has been deprived of a defense which, if known to the court, would have prevented the judgment. However, it has long been held that proceedings under section 2—1401 do not provide the appropriate forum in which a defendant may raise contentions as to competency of counsel. *People v. Anderson*, 31 Ill. 2d 262, 264, 201 N.E.2d 394, 395 (1964); *Putnam v. People*, 408 Ill. 582, 585-86, 97 N.E.2d 841, 843

(1951); *Hall v. People*, 402 Ill. 478, 481, 84 N.E.2d 418, 420 (1949); *People v. Pinkonsly*, 331 Ill. App. 3d 984, 987, 772 N.E.2d 855, 857 (2002); *People v. Smith*, 176 Ill. App. 3d 132, 136, 530 N.E.2d 1104, 1107 (1988).

The purpose of a petition under section 2—1401 is to bring before the trial court facts not appearing in the record which, if known to the court and petitioner when judgment was entered, would have prevented its entry. *In re Charles S.*, 83 Ill. App. 3d 515, 517, 404 N.E.2d 435, 437 (1980). The petition is addressed to errors of fact, not law. Thus it has been held that a petition under section 2—1401 is not a proper vehicle to collaterally attack alleged denials of constitutional rights. *Charles S.*, 83 Ill. App. 3d at 517, 404 N.E.2d at 437. Further, it is not a proper means of raising issues such as whether a defendant was properly admonished as to the consequences of a plea of guilty or whether a defendant had incompetent counsel. *Charles S.*, 83 Ill. App. 3d at 517-18, 404 N.E.2d at 437. In the present case, defendant raises no factual issues. Defendant argues he was denied effective assistance of counsel, a matter not the proper subject of a section 2—1401 petition. The trial court erred in granting defendant's petition for relief from judgment.

■ Defendant argues he has no "means of bringing trial counsel's ineffectiveness to the attention of the court." Defendant correctly states that the Post-Conviction Hearing Act (725 ILCS 5/122—1 through 122—8 (West 2000)) is not available to persons attacking their commitment under the Act. *People v. Lindsey*, 45 Ill. 2d 115, 117, 256 N.E.2d 808, 809 (1970). Defendants found to be sexually dangerous persons pursuant to the Act, through direct appeal, can assert ineffectiveness by trial counsel. See *People v. Johnson*, 322 Ill. App. 3d 117, 749 N.E.2d 402 (2001); *People v. Kastman*, 309 Ill. App. 3d 516, 722 N.E.2d 1202 (2000); *People v. Dinwiddie*, 306 Ill. App. 3d 294, 715 N.E.2d 647 (1999).

■ Moreover, we reject defendant's argument on the merits. The trial court granted defendant's petition for relief from judgment, finding "ineffective assistance of counsel existed in the area of [defense counsel's] failure to object or to contest or to provide counsel involving the issue of demonstrated propensities." Ineffective assistance of counsel claims are judged under the now-familiar standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). To establish ineffective assistance of counsel, a defendant must first demonstrate that his defense counsel's performance was deficient in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the [s]ixth [a]mendment." *Strickland*,

466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064. In so doing, a defendant must overcome the strong presumption that the challenged action or inaction of counsel was the product of sound trial strategy and not of incompetence. *Strickland,* 466 U.S. at 689, 80 L. Ed. 2d at 694-95, 104 S. Ct. at 2065. Second, a defendant must demonstrate a reasonable probability that, but for defense counsel's deficient performance, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068. Both prongs of the *Strickland* test must be satisfied before a defendant can prevail on a claim of ineffective assistance of counsel. *People v. Coleman,* 183 Ill. 2d 366, 397-98, 701 N.E.2d 1063, 1079 (1998).

◼ Section 1.01 of the Act provides:

"All persons suffering from a mental disorder, which mental disorder has existed for a period of not less than one year, immediately prior to the filing of the petition hereinafter provided for, coupled with criminal propensities to the commission of sex offenses, and who have demonstrated propensities toward acts of sexual assault or acts of sexual molestation of children, are hereby declared sexually dangerous persons." 725 ILCS 205/1.01 (West 1998).

In *People v. Pembrock,* 62 Ill. 2d 317, 321-22, 342 N.E.2d 28, 30, (1976), the court construed this language as requiring proof of three separate elements: "(1) the existence of a mental disorder for more than one year; (2) the existence of criminal propensities to the commission of sex offenses; and (3) the existence of demonstrated propensities toward acts of sexual assault or acts of sexual molestation of children." It is clear, therefore, that the statute requires more than the proof of mere "propensity"; it also requires that the State prove that the defendant has "demonstrated" this propensity. The State must prove at least one act of or attempt at sexual assault or sexual molestation. *People v. Allen,* 107 Ill. 2d 91, 105, 481 N.E.2d 690, 697 (1985). In *People v. Hancock,* 329 Ill. App. 3d 367, 381, 771 N.E.2d 459, 469 (2002), this court found that "[t]he State has satisfied this burden by introducing verified records of [defendant's] convictions in Virginia and Maryland."

◼ In the present case, the State asked that the trial court "take judicial notice of the 1987 case," in which defendant pleaded guilty to sexually assaulting his stepdaughter. Defense counsel stated that "my position is the law provides that you can consider for purposes of this hearing previous acts, previous convictions, so with respect to the Court taking judicial notice of that I don't have any objection." The trial court did not err in taking judicial notice of the 1987 case. It then follows that defense counsel's statement that there was no objection to the trial court's ruling does not suggest ineffective assistance of

counsel. Defendant has not shown that a reasonable probability existed that the outcome of his trial would have been different had defense counsel objected. Because no prejudice resulted, defense counsel did not deny defendant the effective assistance of counsel. See *In re Ottinger*, 333 Ill. App. 3d 114, 118, 775 N.E.2d 203, 207 (2002) ("failure of defendant's counsel to make a futile objection does not constitute fundamentally deficient performance").

For the reasons stated, we reverse the trial court's judgment.

Reversed.

MYERSCOUGH, P.J., and KNECHT, J., concur.