DOMENGEAUX, Judge.
Plaintiffs-appellees, Kenneth Boagni, Jr. and Anna S. Darbonne, Judge and Clerk, respectively, of the Opelousas City Court, instituted this action, for and on behalf of said court, to recover money allegedly owed to the court by defendants-appellants, Robert F. DeJean, Sr., and Ruby Folks, former Judge and Clerk, respectively, of the same court. Defendants-appellants filed exceptions of no cause or right of action which were overruled. After trial on the merits the district judge awarded plaintiffs-appellants the prayed for sum of $3,475.00 on behalf of the Opelousas City Court. Defendants have appealed.
This controversy centers around certain monies which were withdrawn from a bank account entitled “City Coúrt Criminal Docket Fund” Account No. 01-7211-1 formerly on deposit in the Planters Trust and Savings Bank of Opelousas, Louisiana.
In January of 1973, plaintiff, Boagni, after being duly elected, assumed the office of Judge of the Opelousas City Court, succeeding defendant, DeJean. On March 30, 1973, at the instruction of former Judge DeJean, defendant, Mrs. Ruby Folks, former City Court Clerk, withdrew the sum of $12,920.03 from the account in question, said withdrawal totally depleting the account.[1] Mrs. Folks thereupon purchased three money orders made out in certain amounts to the following payees: (1) $3,475.00 to Robert F. DeJean, Sr., (2) $5,072.33 to the St. Landry Parish Police Jury, (3) $4,360.70 to the City of Opelousas.
*272 Contending that defendant De Jean was not entitled to receive said funds, plaintiffs herein instituted suit on behalf of the court for recovery thereof. Plaintiffs’ petition alleges that the monies paid out of the City Court Criminal Docket Fund on March 30, 1973, to the St. Landry Parish Police Jury ($5,072.33) and the City of Opelousas ($4,360.70) have been returned to the City Court.
NO RIGHT OF ACTION
Defendants contend that the parties plaintiff lack the procedural capacity to litigate on behalf of the City Court of Opelou-sas. They suggest that the funds involved belong either to the City of Opelousas or the St. Landry Parish Police Jury and that only the representatives of those public entities are possessed with a right of action in this matter.
The funds in question represent an accumulation of certain additional fines of 50<p collected by the City Court pursuant to the provisions of LSA-R.S. 32:393 (C through F):
“C. Every court in this state shall keep a full report of every case in which a person is charged with violation of any provision of this Chapter, regulation of the department or director of public safety adopted pursuant thereto, or any law of this state or any local municipality or parish authority lawfully established for regulating the operation of motor vehicles on highways, and in the event that such person is convicted or that his bail is forfeited or other final disposition be made, an abstract of such report, all parking convictions only excepted, shall be sent by the court or the district attorney, as the case may be, to the director of public safety not later than thirty days from the date of such person’s conviction or forfeiture of his bail or the final disposition of his case. This report shall not be a court record.
D.Abstracts required by this Section shall be made upon forms prepared by the director of public safety and may include all necessary information as to the parties to the case, the nature of the offense, the date of hearing, the plea, the judgment, the amount of the fine or forfeiture, as the case may be, or the final disposition, and every such abstract shall be certified by the judge or clerk of such court, as a true abstract of the records of the court. In the event the abstract is sent by the district attorney it shall be certified by him as a true abstract of the final disposition of the case as contained or found in the files of his office.
E. Certified copies of the judgment shall also be forwarded to the director of public safety upon conviction of any person of any felony in the commission of which a vehicle was used. The director of public safety shall keep such records in his office, and they shall be open to public inspection during reasonable business hours.
F. For each conviction or forfeiture of bail as outlined above, a fee of fifty cents shall be added to the fine of the person convicted, which fifty cents shall be retained by the court to cover the cost of preparing and submitting the abstract of such report to the director of public safety. As amended Acts 1966, No. 278, § 1; Acts 1966, No. 443, § 1.”
Section (F) of the Act specifically provides for the City Court’s retention of 500 per abstract to assist in defraying the costs of preparing same. It is clear that these funds are exempt from the normal scheme of disposition of City Court monies contemplated by LSA-R.S. 13:1898, which provides:
“§ 1898. Collection and disposition of fines, forfeitures, costs
Except as otherwise provided by special laws, the clerk of the city court or the marshal, as designated by the judge, shall collect all fines, forfeitures, penalties, and costs, and all funds so collected by them, excluding costs, shall be paid into the city treasury when the prosecution is on behalf of the city, and into the parish treasury when the prosecution is on behalf of the state or parish. Added Acts 1960, No. 32, § 3.”
*273 Thus, the funds in question are the property of the City Court alone, and we fail to see how any other governing body or agency could have proceeded to recover same. Additionally, plaintiffs introduced at trial an opinion letter received from the Attorney General’s Office to the effect that no specific authority could be found to require either the District Attorney or City Attorney to represent the City Court in this matter. While an Attorney General’s opinion is not conclusive, it does afford some persuasive authority.
Since neither the City of Opelousas nor the St. Landry Parish Police Jury owned the funds retained by the City Court pursuant to LSA-R.S. 32:393, we are of the opinion that the officers of the City Court of Opelousas were the only parties possessing procedural capacity to enforce claims pertaining to that money. Accordingly, we hold that the trial judge correctly overruled defendants’ exception of no right of action.
ON THE MERITS
Defendant DeJean maintains that he was entitled to the $3,475.00 in question as compensation for his services in preparing and submitting the abstracts required by LSA-R.S. 32:393. He claims that all funds retained by the Opelousas City Court since the enactment of that statute have been placed in the Criminal Court Docket Fund and that same had not been disbursed between 1967 and January of 1973.
Defendants introduced evidence to the effect that in the years in question some 7,950 abstracts had been prepared and forwarded to the Department of Public Safety. Since the additional 50$ fee was charged in each of these cases it logically follows that the sum of $3,475.00 was collected in accordance therewith.
The record also suggests that it was the general practice for City Judges in Louisiana to pay themselves the 50$ fee collected on each of these cases, usually on a monthly basis. Former Judge DeJean testified that he merely waited until he left office to collect the fees which he believed were due him for the period of approximately six years in which the abstracts were prepared by his office. While we do not question former Judge DeJean’s good faith in claiming these funds, we are of the opinion that his right thereto raises a purely legal question, the possible past or present practices of other City Judges notwithstanding. 32:393(F) provides specifically that:
“. . . fifty cents shall be retained by the court to cover the cost of preparing and submitting the abstract of such report to the director of public safety.” (Emphasis added)
Inasmuch as 13:1874, et seq. specifically provides for the methods of compensation of city judges, we do not feel that LSA-R.S. 32:393(F) referring to “court” is intended to provide additional compensation for the city judges. Additionally 13:1874, referring to city judges, provides in part:
“. . . They shall not receive any fees in criminal matters, including peace bond cases.” (Emphasis added)
Defendants’ interpretation of 32:393(F) places it in direct conflict with the above cited provision of 13:1874. This position is basically untenable. Since 32:393 specifically refers to “court” and not to “judge”, we cannot force a strained interpretation of that statute and hold that it overrules the prohibition against the judge’s receipt of fees in criminal matters as contained in 13:1874. We are of the opinion that in its enactment of 32:393(F) the legislature intended to compensate and reimburse the City Courts for stenographic and other such costs of preparing the abstracts required by that statute. We do not find that 32:393(F) contemplates additional compensation for city judges.
For the above and foregoing reasons the judgment of the district court is affirmed. Costs of this appeal are assessed against defendants-appellants.

AFFIRMED.

. No explanation or enlightenment is contained in the record on the fact that the withdrawal was effected more than two months subsequent to Judge DeJean’s leaving office.