**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert "Bobby" TAYLOR (80–5117), James Knight (80–5118), Wayne Drewry (80–5119), Defendants-Appellants.**

**Nos. 80–5117 to 80–5119.**

United States Court of Appeals, Sixth Circuit.

Argued July 7, 1981.

Decided Aug. 12, 1981.

Rehearing Denied Sept. 14, 1981.

The jury found that the defendants carried forward a conspiracy to defraud finance and leasing companies by four similar fraudulent schemes. The case for the government was based largely on the testimony of two of the alleged conspirators, one of whom testified under a grant of immunity, and the other under a plea bargain by which the United States dropped all but one charge against him. Only one defendant-appellant, Wayne Drewry, challenges the sufficiency of the evidence. The court has examined the record and has determined that the evidence was sufficient to support a jury conviction of Drewry.

All defendants contend that the district court erred in admitting hearsay testimony of Durham under the co-conspirator exception to the hearsay rule. This argument boils down to a request that this court reverse its decision in *United States v. Vinson*, 606 F.2d 149 (6th Cir. 1979), *cert. denied*, 444 U.S. 1074, 100 S.Ct. 1020, 62 L.Ed.2d 756 (1980). This court adheres to its decision in *United States v. Vinson* and holds that the district court did not err in the admission of Durham's testimony.

■ The defendants-appellants also contend that the district court erred in limiting cross-examination of Durham concerning similar past activities in which he engaged. The district court considered the objections to the limitation of cross-examination and concluded that the particular questions were inadmissible under Rule 608 of the Federal Rules of Evidence. The government points out that the jury already knew of Durham's prior conviction and knew that he was a prime mover in the illegal activities which were the subject of the trial and argues there was no abuse of discretion in holding that the particular evidence sought on cross-examination was inadmissible. In view of the extensive knowledge which the jury had about the witness' past activities, we find no abuse of discretion or prejudice to the defendants in the rulings complained of.

William C. Oldfield, Cobb & Oldfield, David Davidson, Covington, Ky., for Taylor.

W. Robert Lotz, Jr., Cobb & Oldfield, Covington, Ky., for Knight.

Thomas Fowler, Monroe, La., for Drewry.

Patrick H. Molloy, U. S. Atty., Robert F. Trevey, Asst. U. S. Atty., Lexington, Ky., for United States.

Before EDWARDS, Chief Judge, LIVELY, Circuit Judge, and WISEMAN,* District Judge.

PER CURIAM.

The defendants appeal from their jury convictions for conspiracy, fraud and interstate transportation of stolen property.

* The Honorable Thomas A. Wiseman, Judge, U. S. District Court for the Middle District of Tennessee, sitting by designation.

The defendants-appellants also contend that the district court erred in its instructions on conspiracy. The court has examined the instructions and finds them to be correct.

 The defendant Knight asserts that the record discloses a conflict of interest between him and his attorneys. The record does disclose that documents pertaining to this trial were taken from the United States Attorney's office prior to the trial and that an investigation of this disappearance was underway when the trial began. Among those questioned were the two attorneys who represented Knight. On appeal it is argued that these attorneys were aware that they were under investigation and were probably suspected of having had the purloined documents in their possession at some time prior to the beginning of the trial. Knowing this, appellate counsel argues, these attorneys may have pressed the defense of Knight's claim with less vigor than they would have if these circumstances had not existed. They point to the fact that Knight neither took the stand nor offered any evidence at the trial.

The recent Supreme Court decision in *Wood v. Georgia*, 450 U.S. 261, 272, 101 S.Ct. 1097, 1104, 67 L.Ed.2d 220 (1981), indicates that where a possibility of a conflict of interest on the part of counsel in a criminal case is sufficiently shown, a duty is imposed upon a trial court to inquire further. We believe there has been a sufficient showing of the possibility of a conflict in the present case to require such further injury.

We find no merit in any of the claims of error made on behalf of the defendants Taylor and Drewry and none in any other claim of error on behalf of the defendant Knight. Accordingly, the convictions of Taylor and Drewry are affirmed. We remand the appeal of Knight to the district court for the inquiry required by *Wood v. Georgia.* The district court will determine whether any actual conflict of interest existed and, if so, whether Knight was prejudiced thereby. The district court will transmit a supplemental record to this court following conclusion of the proceedings on remand. Jurisdiction is retained to consider this issue further when the supplemental record is received.