UNITED STATES of America, Plaintiff-Appellee,

v.

James KNIGHT, Defendant-Appellant.

No. 80–5118.

United States Court of Appeals, Sixth Circuit.

Argued July 7, 1981.

Decided June 22, 1982.

W. Robert Lotz, Jr., Cobb & Oldfield, Covington, Ky., for defendant-appellant.

Louis DeFalaise, U. S. Atty., Robert F. Trevey, Asst. Atty. Gen., Lexington, Ky., for plaintiff-appellee.

Before EDWARDS, Chief Judge, LIVE-LY, Circuit Judge, and WISEMAN,* District Judge.

PER CURIAM.

Upon the original appeal by Knight from his conviction for conspiracy, fraud and interstate transportation of stolen property, this court concluded there had been a sufficient showing of a conflict of interest on the part of Knight's trial counsel to require further inquiry. Following the procedure which the Supreme Court resorted to in *Wood v. Georgia,* 450 U.S. 261, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981), we remanded Knight's case to the district court for a determination of whether any actual conflict existed and, if so, whether Knight was prejudiced thereby. *United States v. Taylor, et al.,* 6th Cir., 657 F.2d 92.

Following remand the district court held an evidentiary hearing at which Knight testified. Both of the attorneys who represented Knight during the criminal trial testified, as did the assistant United States attorney who represented the government throughout the trial. In addition, another assistant United States attorney who had investigated an allegation that copies of documents related to the trial had been stolen, was a witness at the hearing. Following this hearing the district court entered a memorandum in which he summarized the evidence concerning the missing documents. The district court concluded

that neither of Knight's attorneys was involved in a theft of the documents and neither was in contempt of court because of any contact he may have had with the documents.

The district court concluded that there was no actual conflict between the two attorneys and their client James Knight, and that even if a conflict existed, no prejudice to Knight resulted therefrom. The court specifically found that the conduct of Knight's trial by his attorneys was unaffected by the knowledge that they, along with others, were under investigation in relation to the missing documents.

Upon review of the supplemental record and briefs of the parties, we find no error in the district court's determination. In *Cuyler v. Sullivan,* 446 U.S. 335, 350, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980), the Supreme Court stated the test for finding a Sixth Amendment violation on the basis of an attorney's conflict of interest:

> We hold that the possibility of conflict is insufficient to impugn a criminal conviction. In order to demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance.

The district court applied this test and found that the circumstances upon which the claim of a conflict was based did not affect the performance of the attorneys at the trial.

The judgment of conviction is affirmed.

---

* The Honorable Thomas A. Wiseman, Judge, U. S. District Court for the Middle District of Tennessee, sitting by designation.