Stockwell, Sievert, Viccellio, Clements & Shaddock, Emmett C. Sole, Lake Charles, La., for defendant-appellant.

Sandoz, Sandoz & Schiff, Gerald H. Schiff, Opelousas, La., for plaintiff-appellee.

Before WISDOM, RANDALL, and TATE, Circuit Judges.

PER CURIAM:

We dismiss this appeal because the judgment appealed from is not final and appealable. In this bankruptcy case, the defendant-creditor Crain Brothers, Inc. (Crain) seeks to appeal an interlocutory order: the district court's reversal of the bankruptcy court's grant of summary judgment in Crain's favor. The trustee in bankruptcy of the estate of Crain's former debtor, Emerald Oil Company (Emerald), had sued Crain for the return to the estate the amount of $50,485.70 in payment for Crain's services that Emerald alleged was a preferential transfer voidable by the trustee under section 547 of the Bankruptcy Code of 1978, 11 U.S.C. § 547. The bankruptcy court entered summary judgment dismissing Emerald's claim because the transfer was not made within ninety days of the filing of the petition of bankruptcy, a prerequisite to voidability, and fell within the "transfers made in the ordinary course of business exception" to section 547. On Emerald's appeal, the district court reversed the ruling of the bankruptcy court.

The district court's reversal is not an appealable "final judgment, order, or decree", as required by 28 U.S.C. § 1293(a)(b) (1978), see Matter of Kutner, 656 F.2d 1107, 1111 (5th Cir.1981); 28 U.S.C. §§ 1291, 1334 (1978), for there was no final determination of the rights of the parties to secure the relief they seek in this suit. Further, there was no section 1292(b), 28 U.S.C. § 1292(b), certification and neither court directed entry of a final judgment by a Fed.R.Civ.P. 54(b) order as to the issues they had decided. The case thus awaits further proceedings in the bankruptcy and district courts before there is an appealable final judgment. Accordingly, we dismiss this appeal of an interlocutory order for lack of jurisdiction.

APPEAL DISMISSED.

**Paul Edward WARE, Petitioner-Appellant,**

v.

**John T. KING, Secretary, Department of Corrections, and State of Louisiana, Respondents-Appellees.**

No. 82–3305
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 20, 1982.

Steve LeBlanc, Baton Rouge, La., for petitioner-appellant.

Robert Brinkman, First Asst. Dist. Atty., 27th Judicial Dist., St. Landry Parish, Opelousas, La., for respondents-appellees.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

PER CURIAM:

Petitioner, Paul Edward Ware, appeals the district court's dismissal of his habeas corpus petition. In his habeas corpus petition, Ware raised several grounds for relief, including an allegation that his trial counsel operated under a conflict of interest. The district court referred Ware's petition to a magistrate, who, after conducting an evidentiary hearing, concluded that Ware's arguments in support of a conflict of interest were not supported by the facts and were purely speculative. The district court accepted the magistrate's findings and recommendations and ordered the habeas corpus petition dismissed. This Court affirms.

On December 1, 1974, a series of armed robberies took place in Opelousas, Louisiana, in which the following three convenience stores were robbed: (1) the Foodtown Store; (2) the Medlock Store; and (3) the Lalonde Store. The robberies at the Foodtown Store and the Medlock Store took place prior to the robbery at the Lalonde Store. Police reports indicated that the robber was a black male wearing a blue windbreaker. Having received this report, two officers of the St. Landry Parish Sheriff Department proceeded to the Lalonde Store, and, upon entering the store, confronted Ware, who fit the description of the robber. Ware had a weapon, a gunfight ensued, and several people were wounded, including one of the officers and petitioner Ware.

Ware was indicted by a St. Landry Parish Grand Jury on two counts of armed robbery and four counts of attempted first degree murder. Additionally, he was charged in a bill of information with one count of armed robbery. On June 12, 1975, Ware was convicted for the armed robbery of the Lalonde Store. On January 24, 1977, Ware was tried for the armed robbery of the Medlock

Store and found not guilty. Ware was never tried for the Foodtown Store robbery. Ultimately, Ware was sentenced to thirty-eight years at hard labor without the benefit of probation, parole, or suspension of sentence. Ware's conviction and sentence were affirmed on direct appeal to the Louisiana Supreme Court and two state habeas corpus petitions were denied.

In February 1980, Ware initiated the instant habeas corpus petition in federal district court. Ware maintained that his sixth amendment and fourteenth amendment rights had been violated. Initially, Ware contended that his attorney, Robert F. De-Jean, operated under a conflict of interest since the prosecutor, Robert Brinkman, was handling two nonrelated cases involving DeJean. Additionally, Ware argued that he was deprived of effective representation by his counsel's failure to conduct an adequate pretrial investigation, effectively examine witnesses, present a good faith defense, and preserve post-conviction rights. Finally, Ware averred that the prosecutor used perjured testimony and evidence that had been tampered with in securing Ware's arrest and conviction. The district court referred Ware's habeas corpus petition to a magistrate, an evidentiary hearing was held, and, thereafter, the magistrate recommended that habeas corpus relief be denied. The district court accepted the magistrate's findings and recommendations and dismissed Ware's habeas corpus petition. Ware appeals to this Court solely on the conflict of interest issue.

At the outset, this Court must determine the proper scope of factual review in this case. As noted previously, Ware's habeas corpus petition was referred to a magistrate, and, thereafter, the district court accepted the magistrate's proposed findings and recommendations. In *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.1982) (*en banc*), this Court held that "... failure to file written objections to proposed findings

and recommendations in a magistrate's report ... shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the district court except upon grounds of plain error or manifest injustice." *Id.* at 408. However, the Court emphasized that this bar of appellate review occurs only if "... the magistrate informs the parties that objections must be filed within ten days of filing of the magistrate's report." *Id.*

▮ In the instant proceeding, no objections to the magistrate's findings were made. However, the record does not demonstrate that the magistrate adequately informed Ware of the serious consequences attendant to a party's failure to object to the magistrate's proposed finding. The magistrate included the following statement at the conclusion of his report:

> Upon filing this report and recommendation with the Clerk of the Court, the Clerk is directed to furnish a certified copy to petitioner and respondent, each of whom, under the provisions of 28 U.S.C. § 636, has ten (10) days from receipt in which to file any objections with the Clerk of this Court for consideration before final decision.

Although this statement did inform Ware of the need to file objections within ten days, it did not advise him of the consequences that would result if he failed to comply. *See Delony v. Estelle*, 679 F.2d 372 (5th Cir.1982). Consequently, Ware is not barred from attacking the magistrate's proposed findings of fact that were accepted subsequently by the district court.

Ware contends that the district court erred by rejecting his allegation that his trial counsel operated under a conflict of interest. In support of his conflict of interest argument, Ware points to two nonrelated disputes in which the prosecutor and his defense counsel were involved.[1] The first situation giving rise to an alleged conflict

1. The State contended at the district court level that Ware had failed to exhaust one of his factual theories allegedly supporting his conflict of interest issue. However, the State has not argued failure of exhaustion before this Court, and, consequently, this Court concludes that the State has abandoned its exhaustion argument. *See Hopkins v. Jarvis*, 648 F.2d 981, 983 n. 2 (5th Cir.1981).

of interest arises out of the following facts. Ware's counsel, Robert F. DeJean, was a city court judge for the City of Opelousas until he was defeated in a bid for re-election by the present city court judge, Kenneth Boagni. On March 30, 1973, before leaving office, DeJean withdrew $3475 of city court funds for his personal use. On December 21, 1973, Judge Boagni sued DeJean for the return of the funds. *See Boagni v. DeJean,* 342 So.2d 270 (La.App. 3d Cir.1977). Thereafter, approximately two months prior to Ware's trial, a letter from the attorney general's office dated July 16, 1973 was introduced into the record in the civil suit against DeJean. The letter implies that DeJean might be subject to criminal prosecution for appropriation of the city court funds. Based upon these facts, Ware contends that the prosecutor and DeJean have such conflicting interests as to render DeJean's representation of him, Ware, ineffective.

The second dispute allegedly giving rise to a conflict of interest also involves the prosecutor and DeJean. Prior to Ware's trial, DeJean had initiated a civil action against the City of Opelousas seeking recovery of his retirement benefits. A few days before Ware's trial, the prosecutor was ordered by the police jury to appeal the state district court's award of retirement funds that DeJean had received in the civil suit against the city. Ware contends that this dispute also placed DeJean and the prosecutor in a conflicting position that rendered DeJean's representation ineffective.

 The United States Supreme Court has held that a party may obtain habeas corpus relief by demonstrating that his counsel represented conflicting interests. *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). Although no prejudice need be shown if an actual conflict of interest is found to exist, the habeas corpus petitioner must demonstrate that the conflict is *actual* rather than speculative. *Cuyler,* 444 U.S. at 348, 100 S.Ct. at 1718; *Turnquest v. Wainwright,* 651 F.2d 331, 333–34 (5th Cir.1981); *see also United States v. Martinez,* 630 F.2d 361 (5th Cir.

1980). In the instant case, after conducting an evidentiary hearing, the magistrate concluded that "the petitioner's [Ware's] arguments in support of a conflict of interest are not supported by the facts and are purely speculative." The district court accepted the magistrate's finding that no facts supported Ware's allegation of a conflict of interest and this Court is unable to conclude that this finding is clearly erroneous. *See* 28 U.S.C. § 2254(b); Fed.R.Civ. Pro. 52(a); and *Louis v. Blackburn,* 630 F.2d 1105 (5th Cir.1980). Finally, this Court holds that the district court did not err in its application of the "qualitative, normative standards dictated by the sixth and fourteenth amendments." *See Washington v. Watkins,* 655 F.2d 1346, 1354 (5th Cir.1981).

Having concluded that the district court properly dismissed Ware's petition, this Court affirms the district court's judgment.

AFFIRMED.