**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Sandra HANCOCK, Defendant-Appellant.**

**No. 82–1070.**

United States Court of Appeals, Sixth Circuit.

Argued Jan. 27, 1983.

Decided April 8, 1983.

Charles A. Grossmann, Flint, Mich. (court-appointed), for defendant-appellant.

Leonard R. Gilman, U.S. Atty., Ellen Dennis, Asst. U.S. Atty., Detroit, Mich., for plaintiff-appellee.

Before KEITH and KRUPANSKY, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

Sandra Hancock appeals from her conviction after having been found guilty by a jury on three counts of a four count indictment: (1) Conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) distribution of cocaine and aiding and abetting in its distribution in violation of 18 U.S.C. § 2(a) and 21 U.S.C. § 841(a)(1); and (3) use of a communication facility (telephone) to facilitate the distribution of cocaine in violation of 21 U.S.C. § 843(b).

The district court held that hearsay statements of a co-conspirator were admissible in evidence under Fed.R.Evid. 801(d)(2) and 104(a).[1]

---

1. **RULE 104—PRELIMINARY QUESTIONS**

   (a) Questions of admissibility generally. Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b).

   In making its determination it is not bound by the rules of evidence except those with respect to privileges.
   (b) Relevancy conditioned on fact. When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.

We affirm on authority of the decision of this court in *United States v. Vinson,* 606 F.2d 149, 153 (6th Cir.1979), *cert. denied,* 444 U.S. 1074, 100 S.Ct. 1020, 62 L.Ed.2d 756 (1980), *reh'g denied,* 445 U.S. 972, 100 S.Ct. 1668, 64 L.Ed.2d 251 (1980), holding that hearsay statements of a co-conspirator are admissible to decide the preliminary requirement of *United States v. Enright,* 579 F.2d 980 (6th Cir.1978).

Appellant urges that *Vinson* be overruled. This court has followed *Vinson* and rejected efforts to overrule it. In *United States v. Taylor,* 657 F.2d 92, 93 (6th Cir.), *cert. denied,* 454 U.S. 1086, 102 S.Ct. 646, 70 L.Ed.2d 622 (1981), we wrote:

> All defendants contend that the district court erred in admitting hearsay testimony of Durham under the co-conspirator exception to the hearsay rule. This argument boils down to a request that this court reverse its decision in *United States v. Vinson,* 606 F.2d 149 (6th Cir.1979), *cert. denied,* 444 U.S. 1074, 100 S.Ct. 1020, 62 L.Ed.2d 756 (1980). This court adheres to its decision in *United States v. Vinson* and holds that the district court did not err in the admission of Durham's testimony.

*See also Steele v. Taylor,* 684 F.2d 1193, 1203 (6th Cir.1982); and *James R. Snyder Co. v. Associated General Contr.,* 677 F.2d 1111, 1117 (6th Cir.1982).

The conviction is affirmed.

**RULE 801—DEFINITIONS**

The following definitions apply under this article:

\* \* \* \* \* \*

(2) Admission by party-opponent.—The statement is offered against a party and is (A) his own statement, in either his individual or a representative capacity or (B) a statement of which he has manifested his adoption or belief in its truth, or (C) a statement by a person authorized by him to make a statement concerning the subject, or (D) a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship, or (E) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy.