No. 83–1971. ILLINOIS v. WASHINGTON. Sup. Ct. Ill. Certiorari denied. ▉

JUSTICE WHITE, with whom THE CHIEF JUSTICE and JUSTICE REHNQUIST join, dissenting.

In *Cuyler* v. *Sullivan*, 446 U. S. 335 (1980), this Court held that in order to establish a Sixth Amendment violation, a defendant challenging his attorney's representation of multiple clients must establish that the attorney's performance was affected by an actual conflict of interest, not merely a potential one. In the present case, the Illinois Supreme Court held that *Cuyler*'s actual-conflict-of-interest standard was limited to multiple-representation situations. 101 Ill. 2d 104, 461 N. E. 2d 393 (1984). Because that holding is contrary to the results reached by at least six other courts, I dissent from the denial of certiorari.

On May 7, 1979, Nathan Bottley was murdered in Chicago. Chicago police suspected Charles Washington, a resident of Chicago Heights, and made inquiries to the Chicago Heights police. As a result of these inquiries, Chicago Heights police officers reinterviewed witnesses to a 1977 murder in Chicago Heights, in which Washington had been a suspect, and arrested Washington for that crime. While Washington was in custody, he was also charged by Chicago police for the Bottley murder.

After being indicted for the Bottley murder, Washington filed pretrial motions to quash arrest and suppress identification, contending that his arrest in Chicago Heights had been without probable cause. Washington's attorney at this hearing also served as the city attorney for Chicago Heights, a fact that the State's attorney brought to the attention of the trial court. The defense attorney responded that he had consulted with Washington about the possible conflict of interest inherent in this situation, but that he "anticipated no Chicago Heights Police Officers to be called" in connection with the Chicago murder. The court questioned Washington and ascertained that he had no objection to being represented by his defense counsel.

Contrary to defense counsel's expectation, the State called a Chicago Heights police officer to establish that there was probable cause for the defendant's arrest in Chicago Heights on the 1977 murder charge. Defense counsel cross-examined the officer and

then called another Chicago Heights officer as a rebuttal witness. The trial court denied Washington's motion to quash arrest, basing its holding primarily on the testimony of these two officers.

On appeal, Washington argued that he was denied effective assistance of counsel because of his attorney's conflicting interests. The Illinois Appellate Court reversed the conviction on this ground, 111 Ill. App. 3d 711, 444 N. E. 2d 753 (1982), and the Illinois Supreme Court agreed, 101 Ill. 2d 104, 461 N. E. 2d 393 (1984). The Illinois Supreme Court adhered to its longstanding view that as a matter of federal constitutional law even a potential conflict of interest required reversal, rejecting the State's contention that *Cuyler* v. *Sullivan* required Washington to show that his attorney's performance had been adversely affected by an actual conflict of interest. The State's argument, the court held, overlooked the fact that *Cuyler* involved multiple representation of defendants. The court focused on *Cuyler's* observation that "a possible conflict inheres in almost every instance of multiple representation," so that a presumption that even potential conflict resulted in ineffective assistance "would preclude multiple representation even in cases where '[a] common defense . . . gives strength against a common attack.'" 446 U. S., at 348, quoting *Glasser* v. *United States*, 315 U. S. 60, 92 (1942) (Frankfurter, J., dissenting).

Unlike the Illinois Supreme Court, numerous federal courts have failed to discern in *Cuyler* any limitation to cases involving multiple representation of defendants. See *Westbrook* v. *Zant*, 704 F. 2d 1487, 1498–1499 (CA11 1983); *United States* v. *Harris*, 701 F. 2d 1095, 1099 (CA4 1983); *United States* v. *Knight*, 680 F. 2d 470, 471 (CA6 1982) *(per curiam)*, cert. denied, 459 U. S. 1102 (1983); *Ware* v. *King*, 694 F. 2d 89, 92 (CA5 1982) *(per curiam)*, cert. denied, 461 U. S. 930 (1983); *Alexander* v. *Housewright*, 667 F. 2d 556, 558 (CA8 1981); *United States* v. *Hearst*, 638 F. 2d 1190, 1193 (CA9 1981). Most of these courts have simply applied *Cuyler* to non-multiple-representation situations without even considering the possibility that it did not apply. In *United States* v. *Hearst*, the Ninth Circuit observed that "Sullivan's lawyer's conflict was based on multiple representation, whereas Hearst's was based on private financial interests," but concluded, without discussion, that this difference, among others, was "immaterial." 638 F. 2d, at 1193. In *Theodore* v. *New Hampshire*, 614 F. 2d 817 (CA1 1980), a pre-*Cuyler* case, the court held that an actual-

conflict standard applied when a defendant's attorney had represented a principal prosecution witness in an earlier trial arising out of the same incident. The court noted that "[b]ecause this is a case involving dual representation, not joint representation, the danger of conflict is not as great, hence judicial scrutiny need not be as deep." 614 F. 2d, at 822. This at least suggests an approach directly opposite to that taken by the Illinois Supreme Court, which reasoned that *greater* judicial scrutiny was called for where defense counsel merely represented a prosecution witness.

Because the decision below creates a conflict among the lower courts on an important and frequently recurring question of constitutional law, I would grant the petition for certiorari.