THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. NAILER JEFFREY, Defendant-Appellant.

Fifth District   No. 5—88—0689

Opinion filed June 18, 1991.

Daniel M. Kirwan and E. Joyce Randolph, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Charles Grace, State's Attorney, of Murphysboro (Kenneth R. Boyle, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

Defendant, Nailer Jeffrey, appeals from the denial of his post-conviction petition after an evidentiary hearing. On appeal, defendant contends that he is entitled to a new trial because an actual conflict of interest existed due to the representation of defendant and a codefendant by their trial attorney, or in the alternative, that he is entitled to a new hearing because the judge who heard the petition was predisposed to deny it.

Defendant and Gary Michael Brown were jointly indicted for murder committed during the course of a felony, based on the underlying felony of burglary (Ill. Rev. Stat. 1975, ch. 38, pars. 9—1(a)(3), 19—1). After a joint jury trial, defendant and Brown were convicted as charged. Defendant was sentenced to a term of 100 to 200 years' imprisonment. Brown was sentenced to 30 to 75 years' imprisonment. On direct appeal to this court, they contended that evidence of their guilt was insufficient, the indictment was fatally defective, and their retained counsel was subject to a disabling conflict of interest. This court affirmed the judgment of the circuit court of Jackson County. *People v. Jeffrey* (1981), 94 Ill. App. 3d 455, 418 N.E.2d 880.

On direct appeal, defendant and Brown contended that they were denied their right to effective assistance of counsel where defense counsel Robert Butler, who represented both of them, had previously represented David Beaver and Willie Jeffrey, other alleged accomplices, on charges arising out of the same offense. David Beaver and Willie Jeffrey were key State's witnesses at defendant's trial. Defendant and Brown maintained that while they purported to waive any conflict of interest on Butler's part, the nature of the conflict was not adequately explained to them. After reciting verbatim part of the trial court's admonishments concerning a possible conflict of interest due to Butler's representation of defendant and his prior representation of the State's two key witnesses, this court held that defendant waived the issue. 94 Ill. App. 3d at 467-68, 418 N.E.2d at 890-91.

On December 14, 1981, defendant filed a *pro se* post-conviction petition. After the circuit court appointed counsel to represent defendant, a supplemental petition for post-conviction relief was filed

on August 6, 1984, which alleged, in part, that counsel refused to allow defendant to testify at trial, that Butler had a conflict of interest due to this dual representation of defendant and Gary Brown, and that Butler refused to thoroughly cross-examine the State's witnesses concerning defendant's lack of involvement in the crime because such inquiry would have shifted the blame to Brown and contradicted Brown's defense.

Attached to the supplemental petition was defendant's affidavit that stated his desire to testify to the effect that he was in the murderers' automobile and too intoxicated to get out. Defendant believed that "the boys" were trying to buy marijuana from the residents of the house next door to the victim and did not know a robbery had occurred until after they returned. Several days later, defendant became aware of the victim's death but "was afraid to say anything about it." Butler, however, allegedly told defendant that it would "muddy the waters" if he testified and that he should rely on Brown's alibi defense.

On September 5, 1984, the State filed a motion to dismiss the supplemental petition. On August 23, 1985, the circuit court dismissed the petition. The court held that the allegation of conflict of counsel was decided adversely to him by this court. The court further found that all of the other points were available to be raised on appeal; therefore, all issues raised in the supplemental petition were waived or were *res judicata*.

On direct appeal to this court from the dismissal of the supplemental post-conviction petition, this court held that the conflict issue raised in the petition was not *res judicata* as it was not raised on direct appeal and could not have been raised because any allegation of antagonistic defenses between defendant and Brown was not a matter of record. Also not of record was Butler's advice to defendant. We noted that a criminal defendant in need of representation is entitled to counsel who is free from adverse interests which might prejudice such representation. In furtherance of this principle, it has long been held that an attorney should not be required to represent codefendants whose defenses are inconsistent, since to do so would inevitably prejudice the defense of at least one client. Once such an actual conflict is identified, it is unnecessary for a defendant to demonstrate that prejudice resulted therefrom in order to sustain a finding of a violation of the right to counsel. (*People v. Nelson* (1980), 82 Ill. 2d 67, 72, 411 N.E.2d 261, 264.) A defendant has the "right to the assistance of an attorney unhindered by a conflict of interests." (*Holloway v. Arkansas* (1978), 435 U.S. 475, 483 n.5, 55 L. Ed. 2d 426, 433 n.5,

98 S. Ct. 1173, 1178 n.5; see also *People v. Precup* (1978), 73 Ill. 2d 7, 382 N.E.2d 227.) This court therefore remanded the cause for an evidentiary hearing. *People v. Jeffrey* (5th Dist. 1987), No. 5—85—0641 (unpublished order under Supreme Court Rule 23).

On October 13, 1988, an evidentiary hearing was held on the supplemental petition, at which defendant testified that Butler asked him to persuade Brown to retain him so that two attorneys would not be cross-examining the State's witnesses, because such cross-examination would "muddy the water up." At that time, Brown was represented by another attorney. Defendant conveyed Butler's suggestion to Brown, and Brown retained Butler.

Defendant further testified that prior to trial he told Butler that he had to explain "what [he] had to do with the case." Butler responded that it was not necessary for him to explain anything as it would muddy the water and that State's witnesses had been paid for "this and paid for that." After trial commenced, defendant again informed Butler of his desire to testify, and Butler responded that "he didn't want me on the stand to muddy the water up and to be questioned." One alibi was to be used for both defendant and Brown. Butler explained that he knew that the State's main witnesses, including Beaver and Willie Jeffrey, had made a deal with the State to get out of prison or reform school or were paid. Butler also stated that he didn't want defendant to testify because no lawyer could then question him. Defendant conceded that during trial he was in agreement with Butler's trial strategy. After having been found guilty of murder, he did not feel that his attorney had done a good job for him. At no time prior to the filing of his supplemental petition did defendant protest to the court the decision of Butler not to call him to testify in his own defense. During cross-examination of defendant, the following occurred:

"Q. [Assistant State's Attorney:] And do you remember Judge Richman asking you certain questions? Do you remember being there with Mr. Brown, as well—

A. [Defendant:] Yes.

Q. —the co-defendant, and being there with Mr. Butler?

A. Yes.

Q. And this was the time in which Mr. Butler was going to enter his appearance, was going to enter his appearance so that he could represent Mr. Brown in addition to yourself. Do you remember that date?

A. Yes. Yes, sir.

Q. And do you remember Judge Richman asking you, 'Now Mr. Jeffrey, you have heard my statements today. You have heard them a few days ago when I discussed the possible conflict of interest problem.' Do you remember that?

A. Yes, I do.

Q. And you responded, 'Yes, your Honor.' And Judge Richman asked you, 'Now what is your position? Do you have any objection to Mr. Butler representing Mr. Brown?' And you responded, 'I believe he can give us—' And Judge Richman said, 'I am not asking about "us." I am asking about your position only. Do you object to Mr. Butler also representing Mr. Brown?' And you said, 'No, sir, I want him to represent both of us.' Do you remember that?

A. Yes, I do.

Q. And you didn't have any problems at that time. Is that correct?

A. I didn't understand the law at the time. I didn't know Mr.—

Q. Well, isn't it a fact that Judge Richman asked you, 'Do you think he can adequately represent you at the same time he is representing Mr. Brown?'

A. Yes, he said that.—

Q. Do you remember Judge Richman asking you that?

A. Yes.

Q. And do you remember replying, 'Yes, sir, I do'?

A. Yes, I do.

Q. And do you remember Judge Richman asking you, 'And you are raising no objection whatsoever. Is that true?'

A. That's right.

Q. And isn't it a fact that you answered, 'Yes, sir'?

A. Yes."

Defendant, who has a fourth-grade education, explained that although he had been in court prior to this case, he didn't understand counsel "questioning one client and not being able to question the other." Defendant did not know that Brown would testify at trial until after the State had rested its case.

In denying the supplemental post-conviction petition, the court found no *per se* conflict had resulted from Butler's dual representation of defendant and that any conflict that may have resulted was knowingly, intelligently, and understandingly waived by defendant. The court also found, based on defendant's testimony at the hearing, that he would have made a terrible witness, who was subject to im-

peachment by his lengthy criminal record; therefore, it was Butler's trial strategy to base the defense on the weakness of the State's witnesses rather than permit defendant to explain his presence at the scene. The court further found that Brown's testimony did not have any effect on the jury's attitude toward defendant and that defendant's credibility was highly questionable.

Defendant initially contends that he should be granted a new trial because Butler had an actual conflict of interest in representing both defendant and Brown which prejudiced defendant in the presentation of his case. This prejudice manifested itself, according to defendant, in the denial of his right to counsel under the sixth amendment to the United States Constitution and his right to testify and to present the strongest defense possible.

■■ ■ While it is true, as we have stated, that a criminal defendant enjoys a sixth amendment right to effective assistance of counsel which includes the assistance of an attorney whose allegiance to his client is not diluted by conflicting interests or inconsistent obligations, our supreme court has stated that cases involving joint or multiple representation of codefendants are not considered *per se* conflicts of interest. (*People v. Spreitzer* (1988), 123 Ill. 2d 1, 13-14, 17, 525 N.E.2d 30, 34, 36, *cert. denied* (1988), 488 U.S. 917, 102 L. Ed. 2d 263, 109 S. Ct. 274; see also *People v. Larry* (1990), 196 Ill. App. 3d 231, 235-36, 553 N.E.2d 431, 434.) In situations involving joint or multiple representation, however, if counsel brings a potential conflict to the trial court's attention at an early stage of the proceeding, the court has a duty to either appoint separate counsel or take adequate measures to determine whether the risk of conflict is too remote to warrant separate counsel. (*Holloway*, 435 U.S. at 484, 55 L. Ed. 2d at 434, 98 S. Ct. at 1178; *Spreitzer*, 123 Ill. 2d at 18, 525 N.E.2d at 36.) If the trial court fails to fulfill this duty, a conviction will be reversed without a showing that the attorney's performance was affected by the purported conflict in the absence of a knowing waiver by defendant of conflict-free counsel. 123 Ill. 2d at 18, 525 N.E.2d at 36; *Larry*, 196 Ill. App. 3d at 236, 553 N.E.2d at 434-35.

In the instant case, counsel for the State did bring the potential conflict arising from Butler's dual representation of defendant and Brown to the court's attention prior to trial and the court questioned both defendants in order to determine whether the risk of conflict warranted separate counsel. In addition to questioning defendant to determine whether he believed Butler could adequately represent both defendant and Brown, the court asked Butler if he felt he could "adequately and fully, fairly *** represent both of these defendants in this

case," and Butler replied in the affirmative. Additionally, the court warned both defendants of the precise conflict which defendant now claims occurred, stating as follows:

> "In addition, after the State has presented its evidence it may be that either one of you or both of you will want to testify. That is going to be up to you. You don't have to testify. You don't have to prove your innocence. But it may be that one of you wants to testify and the other one doesn't. It may be that both of you want to testify. I am pointing these things out to you to point out the possible areas where there might be some area of conflict between your position and your co-defendant's position, and your attorney's position in having represented two of the witnesses and his present position representing at this time Mr. Jeffrey."

In *People v. Holmes* (1990), 141 Ill. 2d 204, 217, 565 N.E.2d 950, 955, our supreme court recently stated that although an accused may exercise the right to counsel of choice even where it jeopardizes the right to effective assistance of counsel by making a knowing, voluntary, and intelligent waiver of the latter right, the sixth amendment right to choose one's own counsel is not absolute. "The right is 'circumscribed in several important respects,' which may include the disqualification of chosen counsel if a conflict of interest exists." (*Holmes*, 141 Ill. 2d at 217, 565 N.E.2d at 955, quoting *Wheat v. United States* (1988), 486 U.S. 153, 159, 100 L. Ed. 2d 140, 148-49, 108 S. Ct. 1692, 1697.) The court in *Holmes* held that a broad latitude should be given in reviewing a trial court's decision on the issue of whether to allow waiver of a conflict of interest, and the ruling of the trial court should not be set aside unless there has been a clear abuse of discretion. (*Holmes*, 141 Ill. 2d at 223-24, 565 N.E.2d at 958.) Given this standard, we cannot say that the trial court herein abused its discretion in allowing defendant to waive any potential conflict of interest arising from Butler's dual representation of defendant and Brown.

The right to effective assistance of counsel assured by the sixth amendment is indeed subject to waiver. (*People v. Atkins* (1987), 161 Ill. App. 3d 600, 607, 515 N.E.2d 272, 276; *People v. Washington* (1984), 101 Ill. 2d 104, 114, 461 N.E.2d 393, 398, *cert. denied* (1984), 469 U.S. 1022, 83 L. Ed. 2d 367, 105 S. Ct. 442.) The determination of whether there has been an intelligent waiver of the right to conflict-free counsel depends upon the facts and circumstances of each case. (*Atkins*, 161 Ill. App. 3d at 607, 515 N.E.2d at 276.) Here, the record clearly demonstrates that defendant waived any claim of preju-

dice as to his joint representation. The trial court painstakingly advised defendant and Brown of the possible problems with joint representation, including the conflict defendant now claims eventually arose, and admonished them several times. Defendant and Brown both insisted on proceeding to trial with Butler as their attorney. The record therefore supports the trial court's finding that defendant knowingly and intelligently waived his right to separate counsel. Thus, defendant waived his right to a claim of ineffective assistance of counsel due to joint representation.

■■ Defendant additionally argues that Judge Richard E. Richman was predisposed to deny defendant's post-conviction petition because Judge Richman, in his role as trial judge, had previously admonished defendant concerning the hazards of being represented by the same attorney as his codefendant. However, as the State asserts, where a post-conviction petition raises a collateral matter not appearing in the record which the petitioner claims made his conviction constitutionally invalid, theoretically, any judge may impartially consider whether such petition has presented a meritorious claim. (See *People v. Farmer* (1986), 148 Ill. App. 3d 723, 729, 499 N.E.2d 710, 714.) In fact, post-conviction proceedings should be heard by the judge who rendered the original judgment, unless there is a showing of prejudice. *People v. House* (1990), 202 Ill. App. 3d 893, 910, 560 N.E.2d 1224, 1235-36.

In *People v. Griffin* (1985), 109 Ill. 2d 293, 487 N.E.2d 599, the defendant appealed from a denial of his post-conviction petition alleging ineffective assistance of counsel on the grounds of joint representation. As here, the defendant contended at the post-conviction hearing that his trial counsel had discouraged the defendant's use of a "present but did not participate" account that would have incriminated his codefendant. The defendant argued on appeal that although he had presented an alibi defense at trial, his post-conviction hearing testimony concerning his desire to present a different defense was undisputed. Our supreme court stated that under the circumstances present in *Griffin*, "it was for the judge at the post-conviction hearing, who had presided at the defendant's jury trial, to pass on the defendant's credibility and decide what weight to give to his different testimony." 109 Ill. 2d at 305-06, 487 N.E.2d at 604.

■■ In the instant case, in addition to finding that any conflict arising from joint representation had been waived, the court found defendant's testimony at the post-conviction hearing incredible. Credibility is not, of itself, a question for a court of review. (109 Ill. 2d at 307, 487 N.E.2d at 605.) Therefore, where we have reviewed the record and do not find any facts showing bias on Judge Richman's part,

24

the court's finding on the post-conviction petition was not manifestly erroneous.

For the foregoing reasons, the judgment of the circuit court of Jackson County is affirmed.

Affirmed.

LEWIS and GOLDENHERSH, JJ., concur.