Dear Judge Leehy:
You requested the opinion of this office as to the legality of Monroe City Code, Section 11-2, which creates a cap, referred to as a surplus, on the amount of funds the Monroe City Court may retain in its operations and expense account.
The disposition of fines, forfeitures, penalties and costs in city courts is treated in La. R.S. 13:1898 and 13:1899. La. R.S.13:1898, provides, in pertinent part, as follows:
 A. Except as otherwise provided by special law and in Subsection B thereof, the clerk of the city court or the marshal, as designated by the judge, shall collect all fines, forfeitures, penalties and costs, and all funds so collected by them, excluding costs, shall be paid into the city treasury when the prosecution is on behalf of the city and into the parish treasury to be deposited in the parish general fund and used as a general expenditure of said parish, in parishes other than Orleans, when the prosecution is on behalf of the state or parish. (Italics added)
 * * *
La. R.S. 13:1899 provides, in pertinent part:
 A. Except as otherwise provided by law, in all criminal matters, including traffic violation cases, in addition to the fine or other penalty which may be legally imposed against every defendant who is convicted after trial or after a plea of guilty or who forfeits his bond, the judge may assess costs of court in an amount not to exceed thirty dollars.
 B. Except as otherwise provided by law, the proceeds derived from these costs shall be deposited in a special account which shall be subject to audit, and used for the operation expenses of the court or for the payment of clerical fees or other similar expenditures as may be approved by the judge. (Italics added)
 * * *
From the foregoing, it is the opinion of this office that while fines, forfeitures and penalties must be paid into the city treasury and may be expended at the discretion of the city governing authority, the costs assessed and collected in criminal matters pursuant to La. R.S. 13:1899(A) must be deposited in a special account and may be expended for the operations of the court, at the sole discretion of the judge(s). Support for this conclusion is found in Boagni v. DeJean, 342 So.2d 270 (La.App. 3rd Cir. 1977), writ denied, 344 So.2d 671 (La. 1977). In that case, the court was called upon to determine whether certain fees collected by a city court in connection with traffic violations belonged to the court or the city and/or the police jury. Those fees were collected pursuant to La. R.S. 32:393, which provided at the time, in pertinent part:
 * * *
 F. For each conviction or forfeiture of bail as outlined above, a fee of fifty cents shall be added to the fine of the person convicted, which fifty cents shall be retained by the court to cover the cost of preparing and submitting the abstract of such report to the director of public safety.
 * * *
After noting that the fees collected pursuant to La. R.S. 32:393
were clearly exempt from the normal disposition of city court funds set forth in La. R.S. 13:1898, the Court of Appeal concluded, "[t]hus, the funds in question are the property of theCity Court alone, and we fail to see how any other governing body or agency could have proceeded to recover same." (Italics added)342 So.2d at 273. We see no distinction between the rationale of the Third Circuit in Boagni and that behind our conclusion that the funds in the special account provided for in La. R.S. 1899(B) can be expended only at the discretion of the court. As with the fees collected pursuant to La. R.S. 32:393, costs collected pursuant to La. R.S. 13:1899(A) belong to the city court, not any other governing body.
Further support can be found in Attorney General Opinion Number 97-67, in which this office expressed its opinion that the constable or marshal has exclusive use of fees collected pursuant to La. R.S. 13:1899(C), precluding the court from usurping the fees to defray expenses of the court itself. The costs collected pursuant to La. R.S. 13:1899(A) likewise cannot be usurped by the city council; they are statutorily dedicated for use by the city court.
It should be noted that this conclusion does not necessarily apply to costs which are assessed in civil matters. While La. R.S.13:1898 requires that fines, forfeitures and penalties be deposited in the city treasury, costs are specifically excluded from that requirement. The special court operations account required by La. R.S. 13:1899(B) only deals with costs assessed in criminal matters. We previously noted the lack of statutory direction regarding the disposition of civil costs in Attorney General Opinions Number 91-78 and 80-653.
We trust this opinion fulfills your request. Should you have further questions, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ RANDALL A. KARR ASSISTANT ATTORNEY GENERAL
RPI/RAK/dra
Date Received: Date Released:
Randall A. Karr Assistant Attorney General